**HOWETT, In Re v HOWETT et**

Ohio Appeals, 2nd Dist, Miami Co

No 361. Decided July 13, 1937

Kerr, Kerr & Kerr, Troy, for Lillie M. Howett, appellee.

W. A. Haines, Troy, for Helen M. Howett, appellant.

**OPINION**

By HORNBECK, J.

The above entitled cause is now being determined on appeal of Helen M. Howett on questions of law from a judgment of the Probate Court of Miami County, Ohio.

Lillie M. Howett, executrix of the estate of Earl D. Howett, filed an application in the Probate Court for instructions as to priority of claims. The estate consisted of real estate encumbered by a mortgage which

including interest totalled $2915.04. The same was sold at an executrix's sale for the sum of $4160.00. The order of distribution in the Probate Court provided for the following payments:

| | |
|---|---|
| Mortgage and interest | $2915.04 |
| Costs including attorney fees | 211.66 |
| Taxes | 26.66 |
| Auctioneer | 15.00 |
| Stamps on deed | 4.50 |
| Cancellation of mortgage | .25 |
| Premium on bond of executrix for sale of real estate | 45.00 |
| Total | $3218.11 |

It was also the finding of the Probate Court that the executrix was entitled to the regular statutory fees on the money handled which was fixed at $186.40. This made a total on distribution out of the real estate of $3404.51 and left a balance of $755.49. The court also found that the widow Helen M. Howett was entitled to $500.00 in lieu of homestead from the balance in the hands of the executrix from the sale of the real estate. This would leave a balance of $255.49 which together with the fund deriving from sale of personal property of $656.18 left a grand total to be applied as per order of court of $911.67. The widow also was made an allowance for her year's support in the sum of $1200.00. The Probate Court ordered further that the following claims were entitled to preference and ordered the same paid prior to the claims of the widow for her year's allowance and her rights under §10509-54 **GC.**

| | |
|---|---|
| Undertaker | $200.00 |
| Attorney Fees, General | 40.00 |
| Attorney Fees. Extra Services | 50.00 |
| Executrix Fees, General | 40.00 |
| Mrs. Kruse, nursing | 12.00 |
| Lorine Freund, nursing | 12.00 |
| Dr. McCullough | 25.00 |
| Dr. Hogle | 60.00 |
| Dr. Gardner | 10.00 |
| Shipman & Shipman | 35.00 |
| Costs | 51.40 |
| Strock & Landrey—Shirt | 2.06 |
| Stouder Hospital | 47.40 |
| Total | $584.86 |

It was the conclusion of the Probate Court and there seems to be no question that the items above enumerated totalling $584.86 may come under the classification of **Subdivision** (1) **of** §**10509-121 GC.** This section reads as follows:

"Sec **10509-121** GC. ORDER IN WHICH DEBTS TO BE PAID. Every executor or administrator shall proceed with diligence to pay the debts of the deceased, applying the assets in the following order:

"1. Bill of funeral director not exceeding two hundred dollars, such other funeral expenses as are approved by the court, the expenses of the last sickness and those of administration.

"2. The allowance made to the widow and children for their support for twelve months.

"3. Debts entitled to a preference under the laws of the United States.

"4. Public rates and taxes.

"5. To every person who performed manual labor in the service of the deceased, before payment of the general creditors, the full amount of wages due to such person for such labor performed within twelve months preceding the decedent's death, not exceeding one hundred and fifty dollars.

"6. Other debts as to which claims have been presented within four months after the appointment of the executor or administrator.

"7. Debts due to all other persons.

"Such part of the bill of the funeral director as exceeds two hundred dollars shall be included as a debt under item 6 or 7 depending upon the time when the claim for such additional amount is presented."

The real controversy arises over the construction of §**10509-54 GC.** This section reads as follows:

"Sec **10509-54** GC. PROPERTY EXEMPT FROM ADMINISTRATION. When a person dies leaving a surviving spouse or minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate: household goods, livestock, tools, implements, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such living spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of

the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

It appears that the widow under the authority of the above quoted section selected personal property of the total value of $130.00. She then demanded in cash the sum of $966.91. This amount, together with the $130.00, totalled $1096.91 and equaled 20% of the total value of the estate. It is the claim of counsel for the widow that her cash demand of $966.91 should be turned to her and not listed as assets of the estate. In effect this would mean by reason of insufficiency of funds, that no part of the items totalling the $584.86 would be paid.

In addition to the above quoted sections of the General Code we have been referred to the following adjudicated cases:

**Disher v Disher (Darke County), 21 Abs 610.**

**In Re, Feldman Estate, 32 N.P. (N.S.) 73.**

**Davidson v Miami Savings & Trust Co., Exr., 129 Oh St 418.**

**Scharkofsky v Landfear, Admr., 50 Oh Ap 213, (19 Abs 208).**

**McDonald v McDonald et, (Franklin County Probate Court), 5 O. Opinions 132.**

**Schmehl, Exr. v Schmehl et, (Probate Court, Cuyahoga County) 5 Ohio Opinions 244.**

**Stoner v Anderson, 7 O. Opinions 177; 50 Oh Ap 349, (19 Abs 348).**

As to the personal property of the value of $130.00 selected by the widow there is no controversy.

Referring to §10509-54 GC, it will be observed that the early lines of the section read as follows:

"if selected as hereinafter provided shall not be deemed assets or administered as such but must be included and stated in the inventory of the estate."

The enumerated personal property which the widow may select lists the following:

"household goods, live stock, tools, implements, utensils, wearing apparel of the deceased and relics, heirlooms of the family and of the deceased, ornaments, pictures and books to be selected and by such living spouse. * * * not exceeding in value 20% of the appraised value of the property real and personal comprised in the inventory."

The last paragraph of the section provides for an alternative in the event no selection is made or if the personal property so selected by the widow is of less value than the total amount which may be selected.

At this juncture we might clarify a question raised by counsel for appellee in oral argument and in the briefs, namely, whether or not on the state of the record we can determine the correctness of the order and judgment of the trial court.

No bill of exceptions has been filed in this case. We have a transcript of docket and journal entries which, unfortunately, does not include Schedule F of the inventory and appraisement to which reference is freely made in the motion of appellant for rehearing on the action of the court touching the rights of the surviving spouse.

An examination of pleadings and entries convinces us that there is enough therein appearing to raise the question generally whether or not the court erred in determination that certain claims aggregating $584.86 heretofore set out were to be paid prior to the balance in money, the right to which the widow asserted under §10509-54 GC.

It is suggested in the brief of the executrix that the widow had consented to the payment of the above claims but this question is not made on the pleadings, nor is there any finding to such effect.

The matter of the widow's rights was brought to the attention of the Probate Judge by an application of the executrix asking for hearing on the question of priority of claims and for an order as to the payment of same. In this application was set forth a schedule of debts, the amount thereof, the amount of the funeral expenses, representation that the real estate has been sold and the proceeds thereof, the amount which the executrix had on hand and a statement of the claim of the

widow for a year's allowance and allowance under §10509-54 GC.

In the next to the last sentence of the application is found this averment:

"The widow, however, does not object to the payment of the costs, including an item of $50.00 to attorneys for general services."

This last statement is not specifically denied, nor can we say that it is inferentially denied in the answer and cross petition of the widow. The answer and cross petition of the widow does not challenge any of the statements in the application excepting an averment that the widow had agreed to pay the funeral expenses from an insurance policy and asserts that there should be more than $1600.00, the amount set out in the application as available to pay debts and costs of administration. She re-asserts her claim to 20% of the total value of the inventory and appraisement and insists that the property and money due her should not be deemed assets of the estate or administered as such. She avers that the sum total of the amount to which she is entitled is $1096.91 and that she selected personal property to the value of $130.00; that the balance in the sum of $966.91 is not to be deemed assets. She sets up certain claims in lieu of homestead and dower, which are not germane to our inquiry.

There is no reply to this answer and cross petition. In the motion for rehearing the court's attention is directed to the fact that no determination had been made respecting the rights of the widow under §10509-54 GC and thereafter the journal entry appears which sets forth the amount for which the real estate sold, the deductions which the court allowed by way of court costs, including attorney's and executrix's fees.

The amount of the personal property is found in the sum of $656.18 and thereafter the court orders the claims paid in the sum of $584.86, to which we have heretofore adverted. The court specifically finds that the claims totalling $584.86 are prior claims to that of the widow under §10509-54 GC and "that the surviving spouse could have selected other personal property but that when she failed 20%, under §10509-54 GC, became a general claim against the estate."

Sec 10509-54 GC is commonly recognized to be the successor statute to former §10654 GC, which section, among other things, gave to the widow the right upon selection to designated articles of chattel property not exceeding in value the sum of $500.00 and that if there be no such personal property, then $500.00 in money and if certain personal property be selected then the difference between the value of the property so selected and $500.00 in money and the section further provided that neither the specific property so selected nor the money to which the widow was entitled should be deemed assets of the decedent or administered as such but must be included and stated in the inventory of the estate.

The committee of the Ohio Bar Association which had in charge the legislation incident to the new Probate Code, said in its explanation to the Legislature respecting §10509-54 GC:

"This section increases the exemption of $500.00 in personal property on a sliding scale at the rate of 20% of the gross estate with a minimum of $500.00 and a maximum of $2500.00 in place of the present exemption of vested dower against creditors. This plan will protect both the surviving spouse and the creditor."

Two facts stand out in former §10654 GC and the recommendation of the committee to the Legislature, namely, that under the old section both the personal property selected and the money to which the widow was entitled were exempt from administration as assets of the estate, and second, that inasmuch as dower of the widow generally had been abolished, an increase in her exemption under §10509-54 GC was provided.

The widow's right to dower has always been recognized as prior to any claim whatever, save those claims, liens or incumbrances as to which she has specifically released her dower right. Thus, the history of the legislation is indicative that it was the intent of the Legislature in enacting §10509-54 GC to make certain that the widow should be assured those rights which theretofore had been definitely accorded to her under the exemption and the dower statutes.

The purpose of the section seems clear, namely, to secure to the widow any personal property which she may select up to the value thereof to which she is entitled, and this is assured by providing that the property so selected shall not be "considered assets." That part which permits her to take the difference between the total to which she is entitled and the amount of personal property selected assures to her

the payment of this sum in preference to the claims of all unsecured creditors of the deceased or of the estate.

Selection is required of the widow if she purpose to take any personal property mentioned in the first part of the section. The money which she is to receive is here without selection. Assets exempt from administration are those articles of personal property selected; in the language of the section: "The following property **if selected** shall not be deemed assets, etc." (Emphasis ours). As to the money to which the widow is entitled, the section says: "shall receive."

The meaning of the section as we interpret it is more evident if only so much thereof as is relevant to this case is quoted:

"When a person dies leaving a surviving spouse * * *, the following property **if selected as hereinafter provided** shall not be deemed assets or administered as such but must be included and stated in the inventory of the estate; (then follow the enumerated articles of personal property), to be selected by such living spouse, * * * not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, * * *; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, * * * **shall receive** such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate prior to the claims of all unsecured creditors of the deceased or of the estate." (Emphasis ours).

The money to which the widow is entitled is a burden or lien on such property real and personal prior to all claims excepting those which are secured claims of the deceased or of the estate.

Some further meaning may be claimed for the expression: "creditors of the deceased **or of the estate.**" We attach no peculiar significance to this underscored phrase. It is probably synonymous with creditors of the deceased.

It is urged that those claims allowed by the trial court are secured by sub-heading (1) of **§10509-121 GC.** The section, in our judgment, will not permit of such interpretation. The section is a provision for the payment of debts of deceased and the determination of the priority in which they shall be paid. In no sense does it secure the payment of any debt but if there is money to pay some but not all of the debts, then they are paid in the order of priority set forth in the statute. So far as we know this provision for the priority of payment of debts has never been construed as a security. A secured claim is one in the status of a lien or encumbrance. Mortgages, tax liens and executions all come within the concept of secured claims.

If those claims set out in (1) of §10509-**121 GC** are secured claims, then a fortiori all claims in the next six sub-headings are likewise secured, though differing in priority of payment. Sub-heading (7) is: "Debts due to all other persons." If all are secured all must be paid before the money selected by the widow under §10509-**54 GC.** This construction would take away from the widow the advantage which obviously is meant to be accorded to her by the statute. The section makes the right of the widow to the money to which she is entitled under **§10509-54 GC** prior to all claims save those which have heretofore been recognized in law as secured claims.

But it is said that such construction in this case is inequitable. If so, it is legislative and not judicial inequity, as the whole matter is a question of construction of legislation. However, the claims urged and allowed by the trial judge as preferential to the widow's selection are by (1), §10509-121 GC, assured priority over the year's allowance to the widow and children of the deceased and prior also to preferential debts due the United States taxes, claims for work and labor, etc.

It should be noted here that the court costs, including attorney's fees and executor's compensation in selling the real estate are not in controversy but were allowed in their entirety. Likewise, upon the undisputed averment of the application of the executrix the widow consented to the payment of general court costs and attorney's fees in the sum of $50.00. To this extent, then, there is no question as to the allowance of general court costs, nor attorney's fees up to the amount of $50.00 and this is all but $40.00 of the court costs allowed.

Inasmuch as we do not have the inventory and appraisement, we do not know how the money which the widow claimed under **§10509-54 GC** came into the hands of the executrix, whether as money on hand or in the bank at the time of the

inventory and appraisement or whether it was necessary to sell personal property from which the money was derived.

If it was necessary for the executrix to sell personal property to realize the money to which the widow is entitled, it would be equitable that, if there was no other fund from which it could come, from her share be taken only so much of the court costs as were necessitated by such sale of the personal property. This order however would not be made by virtue of §10509-121 GC. Inasmuch as the widow cannot, under §10509-121 GC, make selection from all articles of personal property which her consort may have owned at his death, but is restricted to those named in the statute, and inasmuch as the widow, as in this case, may not desire to select articles of personal property to the equivalent of the amount to which she is entitled, it is obvious that in such situations personal property must be converted into money. The administrator or executor is the fiduciary charged with the responsibility and obligation of reducing his personal property to cash. His costs and the court costs incident to this procedure must be paid and if there is no other source from which this compensation can come, save the proceeds to which the widow would be entitled, then it is only proper that the fund be required to meet this expense. These situations also lend much strength to the claim that the money to which the widow is entitled under the section becomes assets of the estate and must be administered.

The trial court relied upon **Disher v Disher, 21 Abs 610.** We there had under consideration the dower rights of a widow under §10502-1 GC. There was no controversy concerning the widow's selection under §10509-54 GC, all parties conceding to her full rights as asserted. This is made plain in the language of the decision. The only part of the opinion which may at first view be misleading is the use of the word "lien" as set out in Headnote 3:

"An unsecured claim cannot be classified as an encumbrance upon real property during the lifetime of the debtor within the terms of §10502-1(b) GC, even though upon the death of such debtor it is a lien upon the real estate which descends to his heirs at law."

This was but a statement of the familiar principle that the land descends to the heir subject to the payment of the debts of the ancestor. It could not properly be construed to fix the nature of the claims whether secured or otherwise as between the rights of the widow and debtors of the ancestor.

We have given attention to **Schmehl, Exr. v Schmehl et, 5 O. Opinions 244,** a decision by the Probate Court of Cuyahoga County, the syllabus of which reads:

"The widow is not entitled to her exemptions under §10509-54 GC, without the court costs and necessary expenses of administration having been provided for, including appraiser's fees and attorney fees entailed by reason of attacks made by the widow upon the inventory and appraisal, * * *."

Insofar as the court assessed attorney's fees and costs against the widow, which were made because of her unsuccessful attempt to bring in assets, we are in accord. The amount of costs of administration assessed against the fund does not appear.

There are two nisi prius opinions to which we have given consideration: **Miller v United Brethren Church et, 31 O.N.P. 43 and In Re: Estate Felman, 32 O.N.P. 73.**

In the former case the court held that under §10509-54 GC, the widow having died and therefore being unable to make selection, was, notwithstanding, entitled to the full sum in money to the extent of 20% of the husband's estate, not exceeding $2500.00, together with the widow's yearly allowance prior to any distribution to beneficiaries. The gist of the opinion would lead to the conclusion that the money so found to be due to the widow was considered and treated as assets of the estate.

In the latter case the trial court was of opinion that the appraisers at the time of taking inventory and appraising assets of the estate should set off to the surviving spouse all the property or money to which she is entitled under §10509-54 GC.

To epitomize our holding, in view of the inadequacy of the record and the absence of the inventory and appraisement, we hold that the court erred in allowing the claims in the amount of $584.86, other than court costs, according to the rule herein stated, prior to the claim of the widow to the balance due in money on her selection under §10509-54 GC.

Judgment reversed and modified.

GEIGER, J, concurs.
BARNES, PJ, dissents.

## DISSENTING OPINION

By BARNES, PJ.

It appears that the widow under the authority of the above quoted section selected personal property of the total value of $130.00. She then demanded in cash the sum of $966.91. This amount together with the $130.00 totalled $1096.91 and equaled 20% of the total value of the estate. It is the claim of counsel for the widow that her cash demand of $966.91 should be turned to her and not listed as assets of the estate. In effect, this would mean by reason of the insufficiency of funds that no part of the items totalling the $584.86 would be paid. The determination of this question requires a construction of §10509-54 GC.

In **Schmehl, Exr. v Schmehl et, (Probate Court, Cuyahoga County) 5 O. Opinions 244,** the opinion by Judge Brewerly supports the conclusions of the trial court in the instant case. Because of the difference in facts, we get very little, if any, aid from any of the other cited cases. So far as the personal property of the value of $130.00 selected by the widow, Mrs. Helen M. Howett, there is no controversy. Referring to **§10509-54 GC,** it will be observed that the early lines of the section read as follows:

"If selected as hereinafter provided shall not be deemed assets of administrator as such but must be included and stated in the inventory of the estate."

The personal property which the widow may select, as set out in the majority opinion, not exceeding in value 20% of the appraised value of the property real and personal comprised in the inventory.

The last paragraph of the section provides for the alternative in the event the personal property so selected by the widow is of less value than the total amount which may be selected. Under this contingency it provides that the surviving spouse shall receive such sum of money as shall equal the difference between the value of the personal property so selected and the 20%. The provision where money is selected differs from the first part of the section wherein the statement is made that the property shall not be deemed assets. The difference can most readily be shown by quoting the statute verbatim.

"And such sum of money shall be a charge on all property real and personal belonging to the estate prior to the claims of all unsecured creditors of the deceased or of his estate."

This provision of the section wherein it says that the money shall be a charge on all property real and personal belonging to the estate is quite different than the former provisions of the section wherein it says that the selected property shall not be deemed assets of the estate. The provision for selected property refers to the specific enumerated items which the widow is authorized to select.

This last paragraph of the section not only provides that the sum of money shall be a charge on all property real and personal belonging to the estate but further provides that sum so authorized to be paid is prior to the claims of unsecured creditors of the deceased or of the estate. There is no inference left except that this sum is not prior to the claims of secured creditors of the deceased **of the estate.** (Emphasis mine). In the instant case the mortgage was a secured claim against the deceased. The itemized list of claims totalling $584.86 are **preferred claims of the estate.** They are made such by the express provisions of **§10509-121 GC.**

It is my conclusion that the Probate Court was correct in his determination as to the distribution of the funds remaining in the hands of the executor, and therefore, the judgment should be affirmed.