**FRENCH v HUSTON**

Ohio Appeals, 6th Dist, Lucas Co.

No. 2091. Decided Dec. 31, 1928.

O. W. Nelson and Lawton & Saalfield, Toledo, for French.

Fraser, Hiett, Wall & Effler, for Huston.

dence discloses that long before the occasion in question Mrs. Huston knew that the stove was constructed to have attached thereto such pipe, and in spite of that knowledge she continued to use it, so that, if plaintiff in error violated this ordinance, defendant in error also violated it. There is no evidence in the record to show what the conditions of the lease were, what control or supervision, if any, Mrs. French retained over this apartment. Mrs. Huston and her husband were privileged to lease this apartment, if they saw fit, with such furnishings as there might be therein, and there was no violation of law or any negligence in the leasing of this apartment by Mrs. French to Mr. and Mrs. Huston with the stove in the condition in which it was. The ordinance places upon the one having control and possession of the stove the duty of seeing that it is not used unless the conditions of the ordinance are complied with. The stove was in the possession and control of Mr. and Mrs. Huston and they could use it or not, as they saw fit, and if Mrs. Huston chose to use it, knowing as she did that no flue or vent pipe was connected therewith, then, if as claimed by her, plaintiff in error was chargeable with negligence, certainly she was guilty of such contributory negligence as would preclude a recovery for the injuries alleged to have been sustained by her because of its use on the occasion in question.

Miller, Admx vs McLeary, 21 Court of Appeals Reports, 6th District, unreported. p. 311.

The evidence not being in dispute in this regard, the judgment of the court of common pleas should be and is reversed and final judgment entered in favor of the plaintiff in error.

Richards and Williams, JJ, concur.

LLOYD J

The only act of negligence of which complaint is made is that above indicated, to-wit: that plaintiff in error had violated the ordinance in permitting this stove to be used without a flue or vent pipe attached thereto as required thereby, but the evi-