**HALL, Plaintiff, v MYERS, Defendant.**

Municipal Court of Piqua.

No. 436.   Decided July 30th, 1947.

## AMENDED PETITION

Plaintiff says that on the 9th day of November he rented an apartment of three rooms from the defendant at the corner of Green and Lincoln Streets in the City of Piqua, Ohio, with the understanding and agreement that she was to connect the gas stove with a pipe leading to the chimney and that she failed to do so and the following week he again called the defendant's attention to having the pipe connected from the stove to the chimney and she still failed to do so and on the —————— day of November, 1946, on account of the pipe not being placed on said stove, it emitted noxious gases, sufficient to kill his wife.

Plaintiff further says that said defendant in violation of the ordinance of the City of Piqua and the Building Code of State of Ohio negligently permitted the open vent on said stove aforesaid which is located in said apartment without having a vent on said stove to the chimney whereby the products of combustion of said gas used in said stove was permitted to escape in the said apartment endangering the lives of these persons who may occupy said apartment aforesaid.

That by reason of said negligent acts aforesaid said defendant negligently permitted said stove aforesaid to be used without a vent which permitted the emission of noxious gases into the apartment sufficient to asphyxiate his wife on the —————— day of November, 1946, and that he expended the sum of $475.04 for the funeral of his said wife and the cemetery bill, that he also paid a hospital bill of $5.00 for himself . . . .

## OPINION

By DEWEESE, J.

Defendant's demurrer to the petition will be considered on each of its four grounds.

First, that plaintiff has no legal capacity to sue. The plaintiff has sued for funeral expenses of his wife, which is entirely proper as the husband is the only one who can bring such a suit. An action for wrongful death is not the proper remedy, as such an action does not involve funeral expenses as damages, except on distribution of the proceeds of any judgment that may be recovered. Funeral expenses cannot be recovered in an action by an administrator for

wrongful death. Ry. Co. v Taylor, 17 C. D. 757, and **Gaus v Ry. Co., 56 Oh Ap 299.** The damages prayed for in this case being limited to the funeral expenses, plaintiff is the proper and only party having capacity to sue for such damages.

Second, that there is a defect of parties plaintiff. The only other person who might be made a party plaintiff would be the administrator of plaintiff's deceased wife's estate, and in the light of the citations in the preceding paragraph, the administrator is not a proper or necessary party in an action for funeral expenses. Consequently, there is no defect in parties plaintiff.

The third ground raises the question of several causes of action being improperly joined. Plaintiff's petition states but one cause of action and asks for only one recovery, although it is true that several grounds for recovery are stated. This type of pleading has apparently been approved in Ohio under our liberal code of pleading and interpretations thereof by the Court. See **31 O. Jur. 617.**

The fourth ground of defendant's demurrer—that the petition does not state facts sufficient to constitute a cause of action—presents a more difficult problem than the other grounds of the demurrer. Plaintiff is seeking to recover certain damages arising from the death of his wife, which he claims was due to the failure of the defendant landlord to properly vent a gas stove in the apartment which the plaintiff had rented from the defendant, and that such failure was in violation of law and a breach of an express contract between the parties. It clearly appears from the statement of facts in the petition that plaintiff and his wife used the gas stove with full knowledge that it was not properly vented. Thus, so far as the defendant being liable by reason of violation of ordinance or state building code, the petition presents a case of contributory negligence on the part of the plaintiff and his wife in using the gas stove with knowledge that it was defective or not properly vented, as required by law. In the case of **Stanford v Smith, Trustee, 79 Oh Ap 158,** the Courts says, at page 164:

"If the owner was guilty of negligence per se in not complying with the law, these tenants are equally guilty of contributory negligence in accepting sole control over the premises they are presumed to know violated the city ordinances in question."

The cited case involved the absence of a railing which was required by law, and the Court further said, on page 164:

"The absence of the railing must have been perfectly apparent to these tenants when they rented the building. They are presumed to know the law and if the railing was required by law, they accepted the building knowing that such requirement was not fulfilled."

Applying the above reasoning to the instant case, the absence of the vent or flue must have been apparent to the tenants (plaintiff and wife), and if the vent or flue was required by law, they accepted and lived in the apartment knowing that such requirement was not fulfilled. See also the case of **French v Huston, 7 Abs 55,** and **24 O. Jur. 935.** Under the cases and authorities cited, and even though defendant's demurrer admits violation of law by defendant, the Court holds that the petition charges the plaintiff and his wife with contributory negligence which would preclude recovery, and the petition fails to state a cause of action based on violation of law.

In regard to the contractual liability of the defendant, which is alleged as a ground of recovery in plaintiff's petition, the rule in Ohio is that recovery may be had for damage to personal property, but not for personal injuries. The basis of the Ohio, which has been the majority rule in this country, is that in covenanting to repair, the parties are not presumed to contemplate or intend that, if the premises become defective through the landlord's failure to comply with the covenant, an accidental injury to the tenant shall be considered as the proximate result of the breach; while in the case of damage to personal property, the injury or damage thereto is regarded as the proximate result of the breach of the contract to repair. Apparently, the only remedy of the tenant is to make the repairs and recover the costs of the landlord. See **24 O. Jur. 942, 943, and 944.** The Court in the case of **Rotte v Meierjohan, 30 OO 292 at page 294,** quotes from Thompson on Real Property, as follows:

"A tenant or his invitee must refrain from using parts of rented premises which he knows are defective and dangerous, and can not recover from the landlord for injuries from the use of such parts of the premises. It is but a matter of common prudence, and the tenant, knowing the danger or loss or injury to be great, **can not continue to use the dangerous premises and hide behind a promise to repair.**" (Emphasis ours.)

A very good discussion of the matter of breach of a lessor's agreement to repair as ground of liability for personal injury

to tenant may be found in 163 A. L. R. 300. It is there stated that the majority rule that the landlord or lessor is not liable ex contractu for personal injuries is losing favor, and that there is a growing trend toward the view that the landlord is liable for personal injuries where there is a total failure to repair. However, Ohio is still placed in the category of states following the so-called majority rule, as will be noted by the list of Ohio cases on page 302 of the annotation. It is further stated in the annotation that under the majority rule, the wife of the tenant cannot recover for personal injuries sustained by reason of breach of contract on the part of the landlord. An interesting case, and somewhat parallel to our case, is cited on page 336 and is a California case in which it was held that the lessor was not liable for injuries caused to the son of the tenant by a gas explosion, where it was obvious that the gas pipe needed to be capped to prevent gas escaping, even though the lessor promised to furnish a cap or other appliance but did not do so.

The case of **Ward v Realty Co., 30 OO 469**, presents a discussion of the rule in Ohio and the difference in liability of the lessor as to property damage and personal injuries. The syllabus reads as follows:

"1.  When a tenant's goods are damaged because of the failure of the landlord to make agreed repairs, the tenant may recover for the damage done to such goods.

2.  A landlord who fails to make repairs under his agreement, is not liable for personal injuries to his tenant or to an invitee of the tenant."

See also the cases of **Ripple v Bank, 143 Oh St 614**, and **Minneker v Gardiner, 47 Oh Ap 203**. In the former case, the Court sustained a demurrer to the petition, presented in the same manner as the one under discussion.

It is true that the rule is otherwise where the lessor retains possession or control of a part of the premises for use in common by the tenant and others, and the lessor is liable for personal injuries resulting from his failure to perform his agreement to repair the portion of which he retains possession or control. 163 A. L. R. 340. It is also the rule that a lessor is liable for personal injuries to a tenant by reason of an unsafe condition of a part of the premises over which the lessor retains exclusive control. **24 O. Jur. 931.** However, such situations are not presented by the petition in this case, as the gas stove was in the apartment leased to and occupied by the plaintiff and his wife and was used exclusively by the plaintiff

and his wife. Most of the cases and authorities referred to involve personal injuries, by the same rule of law would apply to a suit for funeral expenses.

In view of the long line of authorities and the well established rule in Ohio, the fourth ground of defendant's demurrer must be sustained, as the petition fails to properly state a cause of action, based either on violation of law or breach of contract. Entry may be drawn overruling the first three grounds of defendant's demurrer and sustaining the fourth ground thereof. It may be that plaintiff can so amend his petition as to state a cause of action within the rules of law relating to landlord's liability for personal injuries, and the entry may provide for leave to file an amended petition if the plaintiff so desires.