Charles A. Harker, Appellee, v. Julius Levy and Elizabeth Levy, Appellants.
Appeal of Elizabeth Levy.

Gen. No. 42,826.

Heard in the third division of this court for the first district at the October term, 1943. Opinion filed April 26, 1944.

EARL J. WALKER, of Chicago, for certain appellant.

WILLIAM E. GAINER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a forcible entry and detainer action involving a question of the applicability of Rent Control Regulations of the United States Office of Price Administration. Judgment was for plaintiff-landlord, from which Elizabeth Levy, wife of Julius who was served but did not appear, has appealed.

The facts were stipulated. Dr. Levy, his wife and two minor children occupied an apartment in plaintiff's building under a yearly lease at $75 per month, which expired by its terms on April 30, 1943. August 4, 1942, Dr. Levy sued for divorce and his wife filed a counter action. Under an order entered in that proceeding, Dr. Levy, among other things, paid the rent for the apartment, though he did not occupy it after

the filing of that suit. Prior to the expiration of the lease, plaintiff tendered Dr. Levy a lease for the same premises for the year commencing May 1, 1943, which carried a stamped notice that, "Until further notice, and acting under the order of the Office of Price Administration, Rent Control Division, the monthly charge for the occupancy of this unit shall be $70.00," and a further stamped statement that the prescribed rent was the O.P.A. maximum. Dr. Levy returned the proffered lease unsigned, notifying plaintiff he was no longer living with his wife and had no desire to renew the lease. March 6, Mrs. Levy wrote plaintiff that she was able to keep the apartment by virtue of the divorce court order and wished to obtain a lease and offered guaranty. March 15, 1943, plaintiff served Dr. Levy and Mrs. Levy with a demand for possession on April 30, 1943, "In accordance with Section 6 of the Rent Regulations of the Office of Price Administration." April 5, Mrs. Levy demanded that she and her family be permitted to continue occupancy and April 28, remitted a check for $70 for May rent. The check was returned to her with advice that her application for a lease had been denied. May 4, plaintiff commenced this action and gave notice thereof to the O.P.A. At the trial plaintiff's counsel said that one of the reasons for denying Mrs. Levy's application was that she was not financially prepared to carry out the terms of the lease. In her application Mrs. Levy offered to pay the first and last months' rent in advance, gave individual business references as guarantors and under a notation entitled, "Remarks" it was stated that she "has no income, or resources other than her furniture, but she intends to go to work."

The complaint alleged that plaintiff was entitled to the premises and that defendants were unlawfully withholding possession. In giving judgment for possession to plaintiff, the trial court found that under

Illinois law and regulations of the O.P.A., there was no relationship of landlord and tenant between plaintiff and Mrs. Levy and, accordingly, no right in her to occupy the premises. The Office of Price Administration was created under authority of the Emergency Price Control Act of 1942. To serve the purposes of the Act and to bring rentals under control in this area, the O.P.A. promulgated Maximum Rent Regulations under which Mrs. Levy contends she is a tenant entitled to continue her occupancy under the prior lease, and therefore is protected against eviction. Plaintiff contends that Mrs. Levy is not a tenant under the Regulations, and that the judgment should be sustained.

Under Section 13 (a) 9 of the Regulations, the term tenant is said to include sub-tenants, lessees, sublessees "or other person entitled to the possession or to the use or occupancy of any housing accommodations." Section 6 (a) provides that so long as the tenant continues to pay the required rent, he shall not be removed, notwithstanding that he has no lease or that his lease has expired, unless "(1) the tenant who had a written lease . . . has refused upon demand of the Landlord to execute a written extension or renewal. . . ."

It is Mrs. Levy's contention that she is a "person entitled to possession" under Section 13 and, therefore, a tenant under Section 6 (a). A person *entitled* to possession is one to whom the right of possession has been given. (Webster's New Int'l Dict. 2nd Ed.). The lease which expired April 30, 1943, was between plaintiff and Dr. Levy. There was no contract between plaintiff and Mrs. Levy covering the premises. Any right she had in the premises was derived from her husband, Dr. Levy. When his right under the lease was extinguished by his refusal of the new lease (Sec. 6 (a–1) ) whatever right Mrs. Levy had was extinguished. She was not, therefore, a "person entitled

to possession, . . ." and accordingly, not a tenant under Sec. 6 (a) of the Regulations and not within their protection.

Another point raised by Mrs. Levy is that plaintiff did not comply with requirements of the Regulations preliminary to suing for eviction. Plaintiff answers that Mrs. Levy did not complain in the trial court and, furthermore, is not a tenant and cannot claim any violation of the Regulations. The prerequisites referred to are in Section 6 (d) 1 and 6 (d) 2 and have to do with notices, and requirements thereof, to the *tenant* and O.P.A., relating to eviction. Since we have held that Mrs. Levy is not a tenant within the meaning of the Regulations, and that they do, not apply to her, plaintiff was not required to follow the Regulations in his action against her and was required only to follow the Illinois law governing the action. There is no claim that he did not follow the local law. We need not decide what effect any failure to comply would have had were Mrs. Levy a tenant under the Regulations; nor how the trial court should have proceeded had Mrs. Levy raised the point before trial.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.