## SCOTT v. H. G. SMITHY CO.
### No. 494.

Municipal Court of Appeals for the District of Columbia.

May 14, 1947.

George E. C. Hayes, of Washington, D. C. (Cobb, Howard & Hayes, of Washington, D. C., on the brief), for appellant.

Harry L. Ryan, Jr., of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a judgment in favor of the landlord for possession of an apartment. The only defendant in the action, Emmett J. Scott, consented to judgment and this appeal is prosecuted by his wife, Loretta B. Scott. This situation arises from the following facts.

Dr. Scott leased the apartment and he and his wife occupied it until differences arose between them culminating in a divorce proceeding in the District Court. From early in October 1946 Mrs. Scott occupied the apartment alone. Rent was paid by her as rent due by Dr. Scott and receipts

in his name were issued by the landlord. In December 1946 Dr. Scott notified the landlord in writing that he would terminate his lease on January 1, 1947. Subsequent to that date the landlord found Mrs. Scott in possession and this action was commenced. As above stated, Dr. Scott was the only named defendant in the action and he consented to entry of judgment for possession; but Mrs. Scott appeared without formal intervention and was permitted to defend.

 Certain preliminary questions will first be considered. Did acceptance of rent from Mrs. Scott constitute acceptance by the landlord of her as the tenant? Since it clearly appears that she paid the rent as that due by her husband and the landlord accepted it in that manner, the landlord cannot be held to have recognized her as the tenant. Does the landlord have the right to maintain this action? Code Section 45—910 provides for such an action when the tenancy has been terminated by notice and the tenant fails to surrender possession. Dr. Scott terminated his tenancy by notice acceptable to the landlord but he failed to surrender possession because one who entered and occupied the premises under his authority remained in possession. Accordingly we think the action was properly brought against Dr. Scott and it was not necessary that Mrs. Scott, who was not a party to the lease, be named as defendant. It appears from the evidence that at a hearing for alimony pendente lite in the divorce proceeding there was some understanding between Dr. Scott and Mrs. Scott that she would be permitted to continue to keep the apartment. However, the landlord was in no way party to such agreement and is not bound by it. If Dr. Scott by terminating the tenancy violated an agreement reached in the divorce proceeding, his wife's remedy must be in that proceeding.

The main question is the right of the wife of a tenant, when she is not a party to the lease, to remain in the premises after the lease has been terminated by the tenant with the consent of the landlord.

The wife, not being a party to the lease, is not a tenant and she makes no claim here to the status of a subtenant. The rights of the wife were derived from her husband's tenancy and ceased upon termination of that tenancy. We have found no authority which would permit the wife to remain in possession under such circumstances against the wishes of the landlord.

Nor do we think that the District of Columbia Emergency Rent Act helps appellant. It protects possession of a tenant, subtenant, sublessee or "other person entitled to the use or occupancy of any housing accommodations." [1] Since the wife's occupancy was dependent upon the husband's lease, when that lease was terminated she was no longer "entitled" to the occupancy within the meaning of the Act.

In Harker v. Levy, 322 Ill.App. 677, 54 N.E.2d 642, under facts almost identical with those in the present case, the court ruled against similar contentions there advanced by the wife of the tenant.

Affirmed.