## TATE v. BRAWNER.
### No. 590.

Municipal Court of Appeals for the District of Columbia.

April 8, 1948.

Rex K. Nelson, of Washington, D. C. (Lowell H. Ewing, of Washington, D. C., on the brief), for appellant.

S. Albert Mickler, of Washington, D.C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This was an action by the owner of an apartment building to recover possession of one of the apartments, it being alleged that the defendant forcibly entered and detained said apartment, or unlawfully, but without force, entered and forcibly detained the same.[1] There was a general finding for the plaintiff. From the evidence the court, sitting without a jury, could have found the following facts:

On January 31, 1942, the defendant's husband rented the apartment in question and he and defendant occupied the apartment until some time in August 1947. In that month defendant and her husband had marital difficulties and about the 16th or 20th day of August the defendant, without notice to her husband and while he was absent from the apartment, removed all their furniture from the apartment, leaving only the husband's personal belongings. At this time defendant told the wife of the resident manager that she was moving the furniture and going out of town. Around August 30 defendant's husband inquired of the resident manager's wife if she knew where defendant was, and upon being told that she had no knowledge of defendant's whereabouts, defendant's husband surrendered the key to the apartment, stating that he was "finished" with the apartment, had taken all of his things out and had no further use for the apartment and did not wish to be responsible for it or for the rent. Nothing was left in the apartment other than the usual odds and ends left by most vacating tenants. The owner, through her

---

[1] See Code 1940, 11—735.

agents, cleaned the apartment and arranged to rent it to another tenant. On or about September 8 defendant returned to the building and asked for the key to the apartment and was told that she could not have the key and that the apartment had been rented to someone else. Defendant then, according to her testimony, obtained a key from a neighbor and entered the apartment and deposited her luggage therein, and removed the cylinder from the door lock in order that she might have a new lock made. When she returned to the apartment she found that the agents of the owner had placed a new lock on the door. She tried to remove a screen from a side window in order to gain entrance to the apartment but could not do so and then, with the help of two men, she forced open a window and entered the apartment. When the owner's agents returned to the apartment they found the defendant in the apartment and defendant stated that she had changed the lock on the door and "that she was there now and that she was going to stay there." The agent telephoned to the rental office and then returned to the apartment and found the defendant "working on the lock with a hammer and screw driver and pounding on the door in a threatening and menacing manner" and shouting that "she was not going to move and no one better try to stop her or put her out"; shortly thereafter "several burly male acquaintances appeared" who made remarks about moving the furniture in. The owner's agent fearing that violence might ensue abandoned any attempt to eject defendant. This action followed.

◼ Prior to trial defendant moved to dismiss the action on the ground that her husband was the tenant and in lawful possession of the apartment. The trial court deferred consideration of this motion until a hearing on the merits. Defendant complains of this action, but we think it was entirely appropriate. Motion to dismiss was based on an assumption of a disputed fact and could not properly be passed upon until evidence had been heard.

◼ Defendant also complains that the court was in error in finding that she was a proper party defendant and that her husband was no longer tenant of the apartment. The evidence regarding the husband's turning in of the key and his statements at that time furnish ample support for a finding that he had surrendered his tenancy, that such surrender had been accepted and that he was no longer a tenant of the apartment. Consequently, defendant was a proper party and it was not necessary that her husband be named a party defendant. Furthermore, the husband, who testified in the case, was of course fully aware of the existence of the action and if he felt that he had any rights to be protected he should have asked leave to intervene as a party defendant.

◼◼ The main argument of defendant is that the evidence does not support a finding of forcible entry and detainer but this argument cannot be sustained on the record. The defendant having left the apartment and her husband, the tenant, having surrendered his tenancy, defendant had no further rights in the premises and her re-entry was unlawful.[2] In Thurston v. Anderson, D.C.Mun.App., 40 A.2d 342, 343, we said that in an action of forcible entry and detainer "there must be actual force employed in the entry or in the retention of possession or such threats and menaces of personal violence as will prevent one through fear from asserting his rights." Although the actions of defendant in entering and detaining possession are the subject of disputed testimony, nevertheless if the trial court believed the testimony of the plaintiff's agents, we think there was sufficient testimony to sustain a finding that either the entry or detention was accomplished by force within the meaning of the Act.

Affirmed.

---

[2] Cf. Scott v. H. G. Smithy Co., D.C.Mun.App., 53 A.2d 45.