**SMITH, Plaintiff-Appellee, v. McCAIN, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2188.   Decided April 10, 1952.

Floyd F. Koogler, Dayton, for plaintiff-appellee.
Jack W. Hutton, Dayton, for defendant-appellant.

## OPINION

By MILLER, J:

This is a law appeal from the judgment of the Common Pleas Court affirming that of the Municipal Court for the city of Dayton, Ohio.

The petition sets forth two causes of action: (1) That the defendant unlawfully and forcibly detains from the plaintiff certain residential property which is fully described; (2) That a recovery is sought for the value of the use and occupation of the premises by the defendant.

Upon a hearing being had the Court found for the plaintiff on both causes of action. All of the errors assigned relate to the judgment for the restitution of the premises, urging that the judgment is contrary to law and against the manifest weight of the evidence.

The petition alleges in the first cause of action that Herbert McCain entered into the possession of the premises as a tenant of the plaintiff, and that he voluntarily relinquished all of his right of possession to the same prior to May 20, 1951, but that the defendant Sophie E. McCain unlawfully and forcibly remains in possession.   The judgment entry recites that the Court finds all of the allegations of the petition to be true and with which findings we must agree as there is substantial

evidence in the record to support the same, although the defendant denied that Herbert McCain was the exclusive tenant of the plaintiff.

The record reveals that the premises were rented in 1941 at which time Herbert McCain and the defendant were living together as man and wife and having a family of two children; that all of the rent receipts were made out in the name of Herbert McCain; that in 1942 the property was registered with the Office of Price Administration which listed Herbert McCain as being the tenant; that in January, 1951, an action for divorce was instituted, the husband leaving the premises and taking up his residence elsewhere; that in May, 1951 Herbert McCain advised this plaintiff that he would not return to live in the property; that soon thereafter this action was instituted against the wife. No attempt was made to comply with Section 825.6 of the Rent Regulations issued under the Housing and Rent Act of 1947, as amended, and which the appellant urges was erroneous. It will be noted that this section has application only when a tenant is sought to be dispossessed. The trial court found from the evidence, and we think properly so, that Herbert McCain was the tenant and not this defendant. This being true she was not entitled to the benefits of the Regulation. It is urged that under the facts presented she is a tenant as defined by the said Rent Regulations which defines a tenant as follows:

" 'Tenant' includes a subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodations."

But is the defendant entitled to the use or occupancy of the premises after the husband surrenders them? We do not think so. Her rights accrue through the husband who is the head of the household and her home is where the husband provides the same. Having terminated his right of possession here, her right must also terminate.

We find a parallel factual situation in the case of Harker v. Levy, 322 Ill. App., 677, 54 N. E. 2d 642, wherein the Court says at page 644:

"It is Mrs. Levy's contention that she is a 'person entitled to possession' under section 13, and, therefore, a tenant under Section 6 (a). A person entitled to possession is one to whom the right of possession has been given. Webster's New Int'l. Dict., 2d Ed. The lease which expired April 30, 1943, was between plaintiff and Dr. Levy. There was no contract between plaintiff and Mrs. Levy covering the premises. Any right she had in the premises was derived from her husband, Dr. Levy. When his right under the lease was extinguished by his refusal

of the new lease [Sec. 6 (a-1)] whatever right Mrs. Levy had was extinguished. She was not, therefore, a 'person entitled to possession, * * *' and accordingly, not a tenant under Sec. 6 (a) of the Regulations and not within their protection."

The appellant urges that she sent two money orders to the appellee in payment of the rent which have not been returned and which constitutes a creation of a tenancy, citing **Pace v. Buck, 82 Oh Ap 25.** The appellee testified that the same was held subject to the order of the court, and that the same was never accepted as rent. The facts here are distinguishable from those in the Pace case in that in the cited case the payment was made by one who was a tenant but here, this appellant never was a tenant of the appellee. The mailing of the money orders under these circumstances could not create the relationship of landlord and tenant.

Finding no error in the record, the judgment will be affirmed.

WISEMAN, J, concurs.
HORNBECK, PJ, dissents.