DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant brings this accelerated appeal from a summary judgment issued by the Perrysburg Municipal Court in a suit for reimbursement of funeral expenses and property damages. *Page 2 
 {¶ 2} Appellant, James Mlynek, is the son of Tom Mlynek, who died on March 9, 2007.[1] Appellee, Peggy Mlynek, was the wife of the decedent, and the step-mother of appellant. Before marrying appellee, the decedent conveyed land to appellant. In return, appellant leased to the decedent an apartment on the land for 15 years or until the time of his death, whichever came first. Appellee was not a party to the lease, but lived in the apartment with decedent while they were married.
 {¶ 3} After the decedent's death, appellee was named the executor of his estate. Some of his children, including appellant, suggested that appellee host a luncheon after the funeral. She refused to do so because she thought the decedent would not want one. The children arranged a luncheon anyway. The decedent's children also publicized his obituary in the newspaper for two days, instead of just one day, despite appellee's refusal to authorize a second day.
 {¶ 4} On March 10, 2007, the day after the decedent's death, appellant called police officers to remove appellee from the apartment. The police officers told appellant that he would need to initiate an eviction procedure. Appellee moved out of the apartment on March 25, 2007. Appellant claims that the apartment needed numerous repairs after appellee moved out.
 {¶ 5} On July 10, 2007, appellant filed a complaint against appellee in the Perrysburg Municipal Court, seeking reimbursement for repairs to the apartment, reimbursement for the luncheon following decedent's funeral and publication of the *Page 3 
obituary. On August 3, 2007, appellee moved for summary judgment. In an accompanying affidavit, she stated that as the executor of the decedent's estate, she did not authorize the additional funeral expenses. Appellee also averred that some of these expenses were paid for by appellant's brother.
 {¶ 6} Additionally, appellee maintained that the damages to the apartment were not caused by her, but instead were caused by the decedent, as well as by appellant's failure to maintain the property. Further, appellee pointed out that she was not a party to the lease and that the claim should be brought against the decedent's estate, and not against appellee. Appellant did not respond to the motion. On August 21, 2007, the trial court granted summary judgment.
 {¶ 7} Appellant filed a notice of appeal on September 14, 2007. In his sole assignment of error, appellant claims that the trial court improperly granted summary judgment because there were genuine issues of material fact. On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated: "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C). *Page 4 
 {¶ 8} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 9} "It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings v.Wootton (1991), 73 Ohio App.3d 501, 504. Thus, while we must accept the unrefuted facts contained in the affidavit accompanying appellee's summary judgment motion, we must also determine whether the applicable law applied to those facts entitle her to judgment as a matter of law.
 {¶ 10} Appellant first claims that there is a genuine issue of material fact regarding whether appellee was a tenant in the apartment. He argues that appellee was a tenant even though she was not a party to the lease because she relied upon Ohio landlord-tenant *Page 5 
law to prevent appellant from removing her from the apartment on March 10, 2007. Appellant also argues that appellee was a tenant because she resided in the apartment with the decedent, and remained in the apartment after his death.
 {¶ 11} A tenant is defined by R.C. 5321.01(A) as "a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others." A rental agreement is defined as "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." R.C.5321.01(D) (emphasis added).
 {¶ 12} In this case, no rental agreement existed between appellant and appellee. Only the decedent was named on the lease. When only one spouse is named on a lease, the other spouse has no rights under the lease.See Smith v. McCain (1952), 66 Ohio Law Abs. 561 (holding that a wife was not a tenant when her husband was the party named in the lease);State v. O'Neal (1999), 1st Dist. No. C-980247 (finding that "the `tenant' named in the lease was [the wife] and that her spouse was merely a member of her household permitted to be on the premises").
 {¶ 13} Further, no agreement developed between appellant and appellee. Appellee resided in the apartment as a member of her husband's household, not as a result of any agreement with appellant. Clearly, appellant had no wish to retain appellee as a tenant; he called the police to forcibly remove her from the apartment the day after the decedent's *Page 6 
death. Additionally, the statements of the police officers could not have the effect of creating an agreement between appellant and appellee.
 {¶ 14} Because no rental agreement existed between appellant and appellee, appellee was not a tenant as a matter of law. Therefore, there is no genuine issue of material fact, and summary judgment was properly granted with respect to appellant's claims arising from appellee's purported tenancy.
 {¶ 15} Next, appellant argues that a genuine issue of material fact exists regarding who paid for the additional funeral expenses. Appellee alleged that some of the expenses were paid for by appellant's brother, and not by appellant. Because appellant did not submit any evidence at the trial court, however, there is no evidence to dispute this fact. Even, however, if there was evidence to dispute it, this issue is not material.
 {¶ 16} While an estate is normally required to reimburse a person other than a surviving spouse who pays for funeral expenses "out of the necessity of the occasion," the expenses must be "reasonable."Osborne v. Osborne (1996), 114 Ohio App.3d 412, 415 (internal citations omitted). Reimbursement is not required for "meddlesome or officious conduct." Id. However, the proper vehicle in which to present a claim against an estate is outlined in R.C. 2117.06. In this case, there is no evidence that appellant followed the procedure therein.
 {¶ 17} Therefore, no genuine issue of material fact remains, and the trial court properly granted summary judgment. Accordingly, appellant's assignment of error is found not well-taken. *Page 7 
 {¶ 18} On consideration whereof, the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR.
[1] The facts are taken from an affidavit filed by appellee. Appellee is the only party who submitted evidence to the trial court. *Page 1