## WOODWORTH, Admr v JONES, Admr

Ohio Appeals, 4th Dist, Athens Co

Decided June 2, 1931

Woolley & Rowland, Athens, for Woodworth, Admr.

Jones, Jones, & Erskine, Athens, for Jones, Admr.

**MIDDLETON, J.**

We conclude that the facts stated above show a cause of action in favor of the plaintiff administrator and that under many authorities the plaintiff administrator has a right of action against the defendant administrator in the latter's representative capacity. This right of action rests upon the principal that when the property of a third person is taken by an administrator in his representative capacity he holds it as assets of the estate and he is liable in such capacity to the party whose property was so taken. One of the leading cases adopting this principle is **DeValengin, Admr. v Duffy, 14 Peters 290,** decided by the Supreme Court of the United States in an opinion written by Chief Justcie Taney. That eminent judge in discussing the question before us said:

"There are, doubtless, decisions which countenance the doctrine that no action will lie against an executor or administrator in his representative character, except upon some claim or demand which existed against the testator or intestate in his lifetime, and that if the claim or demand wholly accrued in the time of the executor or administrator he is liable therefor only in his personal character. But upon a full consideration of the nature and of the various decisions on the subject, we are of opinion that whatever property or money is lawfully recovered or received by· the executor or administrator after the death of his testator or intestate, in virtue of his representative character, he holds as assets of the estate'; and he is liable therefor in such representative capacity to the party who has a good title thereto. In our judgment this, upon principle, must be the true doctrine."

Many other authorities might be cited in support of the same principle but this court is persuaded that in the case of **Conger, Admr. v Atwood, 28 Oh St 134,** in the fourth ·paragraph of the syllabus our Supreme Court announces a rule which is decisive of the question in this case. That paragraph reads as follows:

"An administrator, who without authority collects rents of his intestate's real estate and uses them as assets in paying the debts of the estate, is liable to the party entitled to such rents and he may recover the amount thereof of the administrator in his representative character."

If there was any question in respect to what the court intended to adopt as a rule of procedure in the paragraph quoted it would seem that the interpretation of that paragraph by the court itself as made in the case of **Lucht, Admr. v Behrens,** in the same volume of its report at page 240, leaves no room for doubt. The court in the last mentioned opinion referred to the case of Conger v Atwood, supra, with this observation:

"In Conger v Atwood, decided by us at the last term, it was held that when there was a controversy between the widow and the administrator as to her title to the rents of the mansion house due from the tenant within the year, and the administrator acting in good faith collects these rents and applies them to the payment of debts of a solvent estate, he was liable in his representative capacity to refund to the person entitled to collect them."

It is manifest in the instant case from the petition that if the mother preceeded her son in death her administrator was without any legal right to the proceeas of the insurance policies. This being so, we are unable to distinguish in principle the facts of the instant case from the facts in

the cases just cited. Under the claims in
the petition the defendant administrator
has in his possession in a representative ca-
pacity as a part of the assets of the estate
he is now disposing of moneys rightfully
belonging to the estate represented by the
plaintiff administrator, or in other words to
the estate of the son. It follows that the
last named administrator can maintain an
action for the recovery of such moneys.

The special demurrer complains that
there are defects apparent in the petition
for the reason that the insurance companies
are not made parties to this proceeding.
We do not undertake to say that if the
insurance companies had wrongfully paid to
another the principal of said policies that
the plaintiff administrator would not have
a right of action against them for the
money so paid. The plaintiff administrator
has elected to prosecute the claim against
the defendant administrator alone, and that
was his right, of which the defendant ad-
ministrator can not complain. On the con-
trary, the proceeding is one which should be
commended under the rule that the courts
always favor an action which avoids a mul-
tiplicity of suits.

It is the conclusion of this court that the
trial court erred in sustaining the demurrer
to the petition and that its judgment in
that behalf must be reversed.

Judgment reversed and cause remanded
to the Court of Common Pleas for further
proceedings according to law.

MAUCK, PJ, and BLOSSER, J, concur.