BANK ONE OF OHIO [AKRON], N.A., F.K.A. FIRESTONE BANK, APPELLEE, *v.* BROWN; PERSONAL SERVICE INSURANCE COMPANY, APPELLANT.

(No. 11949 — Decided April 24, 1985.)

*Donald P. Kepple,* for appellee.
*William C. Ailes,* for appellant.

MAHONEY, P.J. Appellant, Personal Service Insurance Company ("Personal Service"), appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Bank One of Akron, N.A. ("Bank One"), in the amount of $5,601.86 plus interest. We affirm.

The conflict in this case arose from the estate of one Virginia Smith Brown ("Virginia"). After Virginia's death, her son, Harold M. Brown ("Harold"), was appointed as administrator WWA of her estate. Personal Service issued the requisite bond on Harold's behalf and filed it in the Summit County Probate Court.

During her life, Virginia maintained a checking account with Bank One which contained $5,907.76 at her death. Virginia had made arrangements with the Social Security Administration ("SSA") to have her benefit checks deposited directly into this account. After Virginia's death, Harold, as administrator of her estate, withdrew the full balance in the checking account, but did not close it. Harold did not inform the SSA of his mother's death despite a duty to do so as administrator, and the SSA continued to make deposits to her Bank One account. Harold likewise withdrew and used the bulk of these funds for his own purposes.

Harold was eventually removed as administrator and was replaced by a substitute. The substitute administrator filed a final accounting of Virginia's estate with the probate court based upon the balance in the checking account at the time of Virginia's death. Bank

One filed exceptions to this accounting focusing on the failure to include the posthumous SSA payments which Bank One had been forced to refund to the SSA.

A referee's hearing was held in the probate court after which the referee found that the accounting should have included $5,601.86 of the SSA payments that Harold had converted to his own use. Personal Service filed an objection to this report which objection was denied after a hearing. The probate court then affirmed and adopted the referee's report which refused to determine whether Harold's actions created any liability on Personal Service's part.

Bank One then filed a complaint in the court of common pleas against Harold, Personal Service, and the substitute administrator to recover the $5,601.86 for which the probate court had found Harold liable. Both Bank One and Personal Service filed motions for summary judgment. The court granted summary judgment in favor of Bank One against Harold and Personal Service for $5,601.86 plus interest. Personal Service now appeals.

### Assignments of Error

"I. The court erred in granting plaintiff's motion for summary judgment.

"II. The court erred in overruling defendant-appellant Personal Service Insurance Co.'s cross-motion for summary judgment."

Personal Service's main argument in this matter is that it should not be held liable for Harold's malfeasance because the SSA funds in question were not funds belonging to Virginia, were not a part of the estate, and thus were not within the terms of its bond contract. This argument must however fail because an administrator is responsible as administrator for any property that he or she receives from a third party in his or her representative capacity.

*Woodworth* v. *Jones* (App. 1931), 10 Ohio Law Abs. 148. In this case Harold removed the SSA funds in question from Bank One as the bonded administrator of his mother's estate. He therefore is responsible for their return as administrator. Because Personal Service is the surety for Harold, it likewise is subject to liability for the funds which Harold wrongfully converted while acting as bonded administrator.

Personal Service further argues that Bank One should suffer its own loses because it should not have allowed Harold to make these withdrawals and should have realized that there was something wrong with SSA deposits to the account of a deceased person. Whether these statements are correct or not is of little consequence because contributory negligence cannot stand as a defense to what essentially amounts to an action for conversion.

The last argument made by Personal Service in terms of importance is that there was a failure to prove that the withdrawals of the SSA funds were actually made by Harold. The probate court found that Harold was the person who made the withdrawals. Personal Service was a party to those proceedings and did object to the referee's finding that Harold made the withdrawals. This objection was denied by the probate court, and the probate court's finding became *res judicata* on this factual issue and cannot now be challenged on appeal.

The trial court correctly granted summary judgment in favor of Bank One against Harold and Personal Service.

Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.