## No. 595
### THORNTON, Admr. v. HOUCK, et.

Ohio Appeals, 4th Dist., Gallia Co.
Decided Dec. 9, 1926.

615. HUSBAND AND WIFE—Husband is liable for doctor bills for last sickness and funeral expenses of deceased wife if he is financially able to pay them.

485. EXECUTORS AND ADMINISTRATORS—Husband who is administrator of deceased wife's estate, must not pay doctor bills for last sickness and funeral expenses of deceased, out of estate, unless he is financially unable to pay them out of his own estate.

Exception by Houck and Porter, heirs of Elizabeth Thornton, deceased, to account of John Thornton, husband of deceased and administrator of her estate, as filed in probate court of Gallia County. Probate Court overruled exception. Common Pleas Court reversed Probate Court. Error to Common Pleas. Affirmed.

First Publication of this Opinion

MIDDLETON, J.

Plaintiff in error was the administrator of his deceased wife. Defendants in error are the children and heirs at law of said administrator and his decedent. In Probate Court the heirs filed exceptions to the account of the administartor. The Court overruled said exceptions. The heirs appealed to the Court of Common Pleas. In that Court it was determined that the administrator had wrongfully charged the estate with the funeral expenses of his deceased wife and also the charge made by the attending physiian during her last sickness. The case is here on the exceptions of Thornton to the ruling of the Court of Common Pleas.

If Thornton was not the husband of the deceased we would hold that such payments were proper.   McClellan v. Filson, 44 OS. 184.

Subsequent to the decision in the Filson case, the legislature enacted Sec. 3110 of the Revised Statutes, now 7997 GC. That section provides as follows:

"The husband must support himself and his wife and his minor children out of his property or by his labor. If he is unable to do so the wife must assist him so far as she is able."

In the instant case the husband was primarily liable. As her administrator, he paid these claims from her estate. Now is he entitled to credit for such payments as against her heirs? The provisions of 10714 GC. were intended to go no further than to establish the rights of third persons. The legal status of husband and wife is fixed by 7997 GC.

The case of Phillips v. Tolerton, 9 N. P. 565, affirmed by the Supreme Court in 82 OS. 403, held that when both husband and wife are possessed of ample property and husband pays from his own funds his wife's funeral expenses, he is not entitled to reimbursement from her estate. The same rule was followed in Eveland v. Sherman, 82 OS. 559, and was recognized and considered controlling in Humphrey & Son v. Huff, 3 Ohio App. 114.

It is difficult to distinguish between a case in which the husband has paid from his own funds and seeks reimbursement and one in which he pays from the funds of his wife's estate and as administrator asks credit for the same in his account.

There is no evidence in the bill of exceptions.

reflecting on his ability to pay from his own funds and it must be assumed that he is able to do so.

The judgment of the Common Pleas should be affirmed with the modification, that when the case is remanded to the Probate Court, it should hear said exception upon evidence in respect to the ability or inability of the husband to pay from his property the items in question, and that if such evidence shows that he is financially unable to pay, the exceptions again be overruled, otherwise said exceptions may be sustained.

Judgment afirmed.

(Sayre, J., concurs; Mauck, PJ., dissents.)

Attorneys—F. E. Cherrington for Thornton, Admr., R. M. Switzer for Houck, et; all of Gallipolis.

Note: This case has been carried to the Supreme Court. Dock. 1-12-27, 5 abs. 43; OS. P. 5 abs. 93 mo. cer. ov. 5 abs. 106.