**HUNTER et, Plaintiff, v. McKINNEY, Defendant.**

Common Pleas Court, Madison County.

No. 19230. Decided September 13, 1951.

238

Jackman & Nichols, London, for plaintiff.
Richmond & Richmond, London, for defendant.

## OPINION

By BELL, J.

This is an action by an administrator, for the benefit of his decedent's estate, to recover the funeral expenses of his decedent. The death of plaintiff's decedent is alleged to have been caused by the wrongful act of the defendant. The action is not, however, brought under §10509-166 GC, the so-called "Wrongful Death Statute." Defendant has entered a general demurrer to plaintiff's petition.

The argument is made by the plaintiff that, since funeral expenses by their very nature, must be paid after death, they are an attendant damage and loss resulting from the injury which caused the death, and so ought to be considered an injury to the decedent's property within the provisions of §11235 GC, which says: "In addition to the causes which survive at common law, causes of action for . . . . injuries to . . . . property . . . . also shall survive."

This argument would be persuasive were it not for the ruling of the Court of Appeals in the case of **Hilliard v. Insurance Co., 68 Oh Ap 426.** In the first syllabus of that case, the Court says:

"In an action by an administrator under §11235 GC, which provides that 'in addition to the causes which survive at common law, causes of action for injuries . . . . to the person . . . .

also shall survive; and the action may be brought notwithstanding the death of the person,' the damages are limited to those for the injuries accruing during the lifetime of the decedent and do not comprehend damages for death resulting from such injuries, or funeral expenses occasioned by such death."

Counsel, aware of the Hilliard case, state in their brief that even though it not be considered an injury to the property of the decedent, the injury should be considered one to the plaintiff since he did incur the bill and since he was liable therefor in his representative capacity.

In many states, the Wrongful Death Statute, or the cases construing it, specifically permit the recovery of funeral expenses. See cases noted in 94 A. L. R. 438 ff. Such is not the rule in Ohio, however. **Gaus v. Pennsylvania Rd. Co., 56 Oh Ap 299; Sprung v. E. I. DuPont, et al., 30 Abs 278.**

In the majority of states, however, it is held that funeral expenses are recoverable as damages in an action for death by wrongful act, when the plaintiff has paid or has rendered himself legally liable to pay the funeral expenses of the deceased. The ground for this holding usually, is that the funeral expenses are a direct result of the wrongful death, and, as a matter of justice should be considered as an item of damages suffered by the person liable to pay them.

The Hamilton County Circuit Court in the case of Cincinnati Ry. v. Taylor, 27 C. C. R. 757, recognized this rule and held:

"Funeral expenses incurred by plaintiff in consequence of the death of his wife in a railway accident are proper items of pecuniary loss in an action by the husband individually as they could not be recovered by the administrator in an action under R. S. 6134 (Wrongful Death Statute)."

Although no reason is set out for the above ruling, it was apparently based on the theory that the husband was legally liable to pay the funeral expenses of his deceased wife.

Applying this theory to the case under consideration, is the plaintiff-administrator legally liable for the funeral expenses of his decedent, qualifying him to recover therefor from a wrongdoer?

**Sec. 7997 GC,** is declaratory of the common law duty of a husband to support his wife and his minor children. It has been held in Ohio, so far as a wife is concerned, that this duty includes the disposing of her body by decent sepulture in a suitable place and that the husband cannot obtain reimbursement from his wife's estate where he has paid her funeral expenses. The Court held it was immaterial that her estate was ample; he merely discharged his legal duty. **Phillips v.**

**Tolerton,** 9 N. P. (N. S.) 565 (affirmed without opinion, **82 Oh St 403) Thorton v. Houck, 5 Abs 533.**

In the Thorton case, a husband-administrator had paid the funeral expenses and charged the estate of his wife therewith. The Court in its opinion said that if the plaintiff were not the husband of the deceased it would hold that such payments were proper, citing **McClellan v. Filson, 44 Oh St 184.**

The Supreme Court, in the McClellan case, holds:

". . . . where it is shown that the purchase of coffin and other necessary articles for the funeral, being suitable to the station of the deceased, were made by the executor, such executor may properly allow such expenses, and pay them from the assets of the estate."

The funeral expenses of a minor child also come within the duty of a parent to support. Although there is little authority for it, it is submitted that the status of a minor child, in this regard, is similar to that of a wife.

The Court in the McClellan case had before it §10509-121 GC, which reads in part as follows:

"Every Executor or administrator shall proceed with diligence to pay the debts of the deceased, and shall apply the assets in the following order:

1. Costs and expenses of administration.

2. Bill of funeral director not exceeding three hundred and fifty dollars, such funeral expenses other than the bill of the funeral director as are approved by the court."

In construing this section, the Court reasoned, in part, as follows:

"The language is, 'every executor and administrator shall pay,' etc. Unless there is good reason founded upon principle why the married woman's estate should be excepted, then no exception should be made. It is urged that such good reason is found in the fact that at common law there is a duty upon the husband to dispose of the body of his deceased wife by decent sepulture in a suitable place. This is conceded, and it is not intended here to weaken the force of that duty, nor to impair the liability of the husband for the expenses of such burial. But the husband may be without means and unable to procure the services of those whose business it is to bury the dead, though the wife leave an abundance. What shall be done in such case? Shall the body remain unburied? If in such circumstances it is proposed to resort to the wife's estate for such expenses, it must be upon some principle, some rule. What shall it be? . . . . Plainly then, it must be by the force of legislation. That we have, and if we apply it in any case to the estate of a deceased married woman, it is difficult to see why, upon principle, it should not be applied to all. If we

undertake to make arbitrary exceptions and distinctions, then the rule fails, for if it can not rest upon the doctrine of a statutory debt, and charge upon the estate, it is not easy to find satisfactory foundation for it. Besides, if the application of the statute be limited to cases where the husband is insolvent, then we impose upon the one who spends time and money upon the conduct of the funeral the burden of first exhausting the liability of the husband by suit, or at least demonstrating his insolvency. A decent regard for the proprieties of the situation would seem not to require this.

"We think the statute was based upon a well recognized necessity, and that such debts may be regarded as created by statute from necessity, and as a charge upon the estate, the same as the necessary expenses of administration, and the statute as furnishing the rule of liability . . . .

"The question is not simply whether the husband is liable as between him and the undertaker, but may not the estate of the wife also be liable, and may not the executor, having ordered the expense, be justified in paying the claim from that estate? If not, then a woman may die leaving thousands in lands, money, and bonds, and if she happen to leave a husband, and he insolvent, the body may lay uncared for until some charitable friend comes to the rescue, or it be taken care of and buried by the town. Public decency and a just regard for an enlightened sentiment forbids."

Substituting the word "father" for "husband," and "son" for "wife," the reasoning of the McClellan case can well be applied here.

If the death of a person is caused by the wrong of another, the wrongdoer should be held accountable for all items of damage occasioned thereby. And, since under the laws of Ohio, the personal representative, although perhaps not primarily responsible for them, may properly pay the funeral expenses and be compensated therefor, and if he has so paid or obligated himself to pay them, he should be the one to maintain an action for their recovery.

The Court is aware of the ruling of the Municipal Court of Piqua in the case of **Hall v. Myers, 49 Abs 345,** but does not feel this ruling is compelling in view of the Supreme Court's opinion in the McClellan case.

It is the opinion of the Court that such expenses should be a proper item of damage in a Wrongful Death action. The Legislature, however, has seen fit to exclude them from such action, and this Court is without authority to change the legislation.

The Court believes that under the authority of §10509-121 GC,

and the McClellan case, the suit here is properly brought by the administrator, and the demurrer thereto will be overruled.

Counsel for plaintiff may prepare an entry accordingly, noting defendant's exceptions and leave to plead within rule, and submit the same to counsel for defendant and to the Court for approval.