MARKLAND, APPELLEE, *v.* YOUNKER, ADMR., APPELLANT.

(No. 752—Decided October 26, 1957.)

*Messrs. Spidel, Staley & Hole,* for appellee.
*Messrs. Goubeaux & Goubeaux,* for appellant.

CRAWFORD, J. This appeal was begun as one on questions of law and fact. A motion was filed to reduce it to an appeal on

questions of law only. No entry appears in the file disposing of that motion. However, the case is one in which an appeal can lie only on questions of law, and it has been presented upon a bill of exceptions and briefed and argued as such. Hence it will be so treated. 3 Ohio Jurisprudence (2d), 457, Appellate Review, Section 545.

There are four assignments of error:

"(1) Error in general charge of the court.

"(2) Judgment of the court is contrary to law.

"(3) Error in refusing to direct verdict for defendant.

"(4) Other errors apparent from the record."

In the Common Pleas Court plaintiff, appellee herein, Bruce Markland, recovered a judgment against the defendant, appellant herein, Paul W. Younker, administrator of the estate of William E. Markland, deceased, for $1,554.20 with 6 per cent interest from July 21, 1954. The form and amount of the verdict, together with the allegations in the pleadings, make it clear that the judgment was awarded for the following groups of items:

(1) Proceeds of sale by administrator of plaintiff's interest in chattels, consisting of farming equipment and hay crops.

(2) Compensation for labor performed in building fences and replacing roofs on decedent's farm, and one-half of the sums expended for real estate taxes, insurance premiums, interest on mortgage and cost of materials and service for farm improvement and repair.

(3) Money advanced for payment of funeral expenses of deceased.

The decedent, William E. Markland, died intestate on December 19, 1946. Surviving him were eight children, including plaintiff, and the widow, Sarah E. Markland, who died in 1954. Defendant was appointed administrator of the estate of William E. Markland on March 22, 1954, and on June 26, 1954, sold the real estate and personal property at public auction to pay debts.

Early in the year 1947 plaintiff paid the funeral expenses of his deceased father, William E. Markland, amounting to $464.88. For some reason he is claiming reimbursement for only one-half of this sum, or for $232.44.

After the death of the father, plaintiff lived on the father's

farm with his mother and looked after her until her death. He alone managed and operated the farm with the acquiescence but without the participation of his brothers and sisters.

Even if he had been only a third party, plaintiff would be entitled under the law of conversion to recover from the administrator the proceeds from the sale of his own chattels which have enriched the estate. 22 Ohio Jurisprudence (2d), 454, Executors and Administrators, Section 100; *Woodworth* v. *Jones,* 10 Ohio Law Abs., 148; and he would further be entitled to recover the amount paid by him for funeral expenses, since he did not act officiously as a volunteer or meddler. 22 Ohio Jurisprudence (2d), 598, Executors and Administrators, Section 238; *Texler* v. *Marquard,* 29 Ohio Law Abs., 186.

Defendant now contends that plaintiff's claims are barred by the statute of limitations. This issue was not raised in the trial court and is, therefore, not available here. 3 Ohio Jurisprudence (2d), 38 and 468, Appellate Review, Sections 185 and 554.

The jury having found under proper instructions and upon adequate proof that plaintiff was entitled to recovery of the proceeds of his chattels and for reimbursement of one-half the funeral expenses, the issues of fact regarding these items have been determined. The judgment for these items will be affirmed.

The claim for the other items, those contained in group 2 above, is based upon the theory that inasmuch as an administrator may, under certain conditions, recover for expenditures made prior to his appointment for the purpose of preserving the assets of the estate, the same right should be accorded to an heir-at-law. We find no precedent in support of this theory. And even the recovery by the fiduciary in such a case is wisely circumscribed and carefully limited. For example, he cannot be reimbursed for expenses incurred without authority in continuing the decedent's business. *Lucht* v. *Behrens,* 28 Ohio St., 231, 22 Am. Rep., 378; *Katz* v. *Ohio National Bank,* 21 Ohio Law Abs., 18; *Mills* v. *Connor,* 104 Ohio St., 409, 135 N. E., 616; *Curtis* v. *National Bank,* 39 Ohio St., 579. Clearly, then, plaintiff cannot recover from the administrator the expenses which he incurred in continuing the decedent's farming operations.

No specific objection having been made to the general charge of the court, the first assignment of error is not well taken.

The second assignment of error, that the judgment is contrary to law, and the third assignment, error in refusing to direct a verdict for defendant, are well taken as to the claims contained in group 2 above.

The fourth assignment of error, being general, requires no further treatment. 3 Ohio Jurisprudence (2d), 463, Appellate Review, Section 551.

The essential nature of plaintiff's status was that of a tenant in common in possession. Any rights he may have as such are not enforceable in this action at law against the administrator, and the portion of the judgment representing the items listed in group number 2 above must, therefore, be reversed.

The briefs have thoroughly covered the questions of law involved, but appear to raise no serious question as to the facts which the jury must necessarily have found as a basis for the verdict. Therefore, the judgment of the Common Pleas Court will be modified, and this court will render judgment. Section 2505.37, Revised Code; 4 Ohio Jurisprudence (2d), 553, Appellate Review, Section 1194. The judgment will be for the plaintiff for the claims contained in groups 1 and 3, totaling $626.70 with interest as prayed for from July 21, 1954, the date when same were presented to the administrator, and for the defendant on the claims enumerated in group 2.

*Judgment accordingly.*

HORNBECK, P. J., and WISEMAN, J., concur.