OSBORNE et al., Appellants,

v.

OSBORNE, Exr., Appellee.

[Cite as *Osborne v. Osborne* (1996), 114 Ohio App.3d 412.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96–CA–0022.

Decided Sept. 27, 1996.

*R.H. Hammond*, for appellants.

*Daniel H. McKnight*, for appellee.

GRADY, Judge.

This is an appeal from an order dismissing a claim that was filed against the executor of a decedent's estate by his parents for reimbursement of the costs of his burial.

Richard Osborne died on July 29, 1993. Richard Osborne was the husband of the defendant-appellee, Pamela Osborne, and the son of the plaintiffs-appellants, Virginia and Glenn Osborne.

At the time of his death, Richard Osborne was hospitalized at Miami Valley Hospital. His parents, wife, and other family members had kept a steady vigil at the hospital. They were advised by the physicians attending Richard Osborne that there was no chance he would survive, and that death was imminent. His wife then told his parents that she had no money to pay for the expense of Richard's funeral and burial, and that she would have to "turn him over" to them. Upon hearing this information, plaintiffs agreed to pay the funeral and burial expenses for their son.

Later that day, plaintiffs went to Tobias Funeral Home with defendant to make the necessary arrangements. Defendant signed the contract for funeral services with Tobias Funeral Home. The plaintiffs agreed to pay for a few extras that defendant desired, but which plaintiffs believed were not necessary. A burial site was selected, and plaintiffs signed the contract purchasing a cemetery lot and internment services. Altogether, plaintiffs paid $6,184.35 for their son's funeral and burial expenses.

After defendant was appointed executor of the estate of Richard Osborne, plaintiffs timely presented their written claim to her in that capacity, seeking reimbursement from his estate for the amounts they paid for Richard's funeral and burial expenses. Subsequently, defendant rejected that claim. Plaintiffs then commenced this action in common pleas court against defendant in her capacity as executor of Richard Osborne's estate, seeking to recover from the estate the money they expended for Richard's funeral and burial.

The case was referred by the trial court to a magistrate. Trial was held on November 6, 1995. Plaintiff Virginia Osborne was the only witness to testify. On December 7, 1995, the magistrate issued her decision for defendant. Plain-

tiffs timely filed objections to the magistrate's decision. On February 7, 1996, the trial court overruled plaintiffs' objections and approved the magistrate's decision.

Plaintiffs have now timely appealed to this court, presenting two related assignments of error:

First Assignment of Error

"The trial court's decision finding judgment for the defendant-appellee and denying the plaintiffs-appellants claim was in error as a matter of law."

Second Assignment of Error

"The trial court erred in its application of contract law to the facts of this particular case."

Obligations incurred by a deceased during his or her lifetime become debts of his or her estate after death by operation of law. Obligations incurred after death for the benefit of the decedent's estate are likewise debts of the estate. Both kinds of debts must be presented in claims to the deceased's personal representative. R.C. 2117.06(A). A person whose claim has been presented and not rejected is a creditor of the estate. R.C. 2117.06(H). A creditor may bring an action on a rejected claim. R.C. 2117.12.

The bill of a funeral director is a claim against the estate which is given a high priority for payment. R.C. 2117.25. When that bill is paid by another, the same priority does not apply. Any claim for reimbursement is a claim against the estate to be considered with other creditor's claims. The question, then, is (1) whether the claim is an obligation of the estate which it must pay, and (2) whether the estate has the resources to pay it.

R.C. 3103.03(A) states: "Each married person must support himself or herself and his or her spouse out of his or her property or by his or her labor." This obligation is fundamental to the marriage, and has long been held to require a husband to pay for his wife's funeral expenses. *McClellan v. Filson* (1886), 44 Ohio St. 184, 5 N.E. 861; *Phillips v. Tolerton* (1908), 9 Ohio N.P.(N.S.) 565, 20 Ohio Dec. 249, affirmed (1910), 82 Ohio St. 403, 92 N.E. 1121. See, also, *Hunter v. McKinney* (C.P.1951), 69 Ohio Law Abs. 237, 46 O.O. 17, 101 N.E.2d 810; *Davis–Turner Funeral Home v. Chaney* (1991), 61 Ohio Misc.2d 82, 573 N.E.2d 1242; *J.C. Battle & Sons Funeral Home v. Chambers* (1993), 63 Ohio Misc.2d 441, 631 N.E.2d 203. The obligation is now imposed on wives as well as husbands by the reciprocal provisions of R.C. 3103.03(A). See 33 Ohio Jurisprudence 3d (1982), Decedents' Estates, Section 1461. Division (E) of R.C. 3103.03 implies that a surviving spouse's duty of support includes payment of the deceased spouse's funeral expenses.

Defendant had an obligation in law to pay her deceased husband's funeral expenses. That obligation was personal to her. The magistrate reasoned that plaintiffs had no claim against the estate for reimbursement because they failed to demonstrate that the payments they made were not a loan or gift to defendant.

■ If the payments that plaintiffs made were a loan or gift to defendant, that may, if properly pleaded, be a defense available to her in any claim made or action for reimbursement brought against her personally by plaintiffs. However, this claim was against the estate, which has a separate obligation of reimbursement, because payment of Richard Osborne's funeral and burial expenses benefited his estate. Therefore, any defenses available to defendant personally have no application to the claim or action brought against her as personal representative of the estate, absent evidence that those defenses are available to the estate, as well.

■ The dealings between these parties prior to Richard Osborne's death are insufficient to support a conclusion that the payments that plaintiffs made were a loan or gift to his estate. They merely acted in reliance on the representations of defendant that they must pay the costs incurred for their son's burial because *she* had no money to pay those costs. The gift and loan defenses may apply to her, personally, but on this record they create no basis in law to excuse the estate from its duty of reimbursement, which is independent of defendant's duty in that regard.

■ It has long been the law of Ohio that a person other than a surviving spouse who pays the deceased's funeral expenses, not as an officious volunteer or meddler but out of the necessity of the occasion, is entitled to reimbursement from the estate of the deceased, provided the bill is reasonable. *Texler v. Marquard* (M.C. 1939), 29 Ohio Law Abs. 186, 14 O.O. 381, 3 Ohio Supp. 226; *Markland v. Younker* (1957), 106 Ohio App. 224, 6 O.O.2d 468, 154 N.E.2d 22; 33 Ohio Jurisprudence 3d (1982), Decedents' Estates, Section 1455. If plaintiffs' claim against the estate arose from meddlesome or officious conduct, the estate may be excused from reimbursement. That is not demonstrated by this record, however, and it is unreasonable to classify parents who are told that their son is about to die and that no money is available to bury him as either meddlesome or officious when they agree to pay their son's funeral and burial expenses at the suggestion and request of the person legally responsible to pay them. Their agreement to pay those expenses was sought by the defendant, and their action is a natural response by grieving parents who are entitled to reimbursement from the deceased's estate, if monies are available.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded to that court for further proceedings on the plaintiffs' claim for reimbursement made from the estate of Richard Osborne.

*Judgment accordingly.*

BROGAN, P.J., and FAIN, J., concur.