ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
{¶ 2} Janet Hein, the sole heir under the will of decedent Ted F. Palasz, appeals from the judgment of the probate division of the common pleas court establishing the priority of claims to be paid by the decedent's estate, which is insolvent. She argues:
 THE TRIAL COURT ERRED IN HOLDING THAT ADVANCEMENTS MADE BY JANET HEIN, DAUGHTER OF THE DECEDENT, TO ENABLE THE ESTATE TO PAY OHIO ESTATE TAXES, SHOULD BE TREATED AS A PARAGRAPH (G) CLAIM UNDER OHIO REVISED CODE SECTION 2117.25.[1]
{¶ 3} Hein's loan to the estate for the payment of estate taxes should not be considered personal property taxes and obligations for which the decedent was "personally liable to the state or any of its subdivisions," the seventh item in the statutory list establishing the priority of claims against an estate. R.C. 2117.25(G). However, in our view, her loan to the estate also is not a cost or expense of administration entitled to first priority under R.C. 2117.25(A), as she claims. Instead, it is simply a debt of the estate with the lowest priority for payment. R.C. 2117.25(I). Therefore, we affirm the court's judgment disallowing appellant's claim for reimbursement.
 PROCEDURAL HISTORY
{¶ 4} On February 26, 1996, executor Fred Ramos applied to probate the will of Ted F. Palasz, deceased. The will listed the decedent's daughter Janet Palasz (now known as Janet Hein) as the sole heir. The decedent's wife, Delores Palasz, filed her election to take against the will on June 27, 1996.
{¶ 5} On October 30, 2000, the executor filed an amended representation of insolvency, stating that the estate had insufficient assets to pay the costs of administration and the preferred and ordinary expenses of the estate. Among the claims listed in the amended representation of insolvency was a loan of $9,500 by Janet Hein for the payment of inheritance taxes. This loan was listed as a cost of administration in the schedule of claims.
{¶ 6} Hein filed a brief concerning the priority which should be accorded to the payment of estate taxes, arguing that they should be treated as costs of administration; the executor also filed a brief, and asserted that Ohio estate tax is a succession tax, and as such is more like a personal property tax or other obligation to the state for which the decedent was personally liable. A magistrate's report issued June 18, 2001 concluded that the amount advanced by Hein for estate taxes, as well as the balance still owing to the state of Ohio for such taxes, fell under paragraph (G) in the order of priorities listed in R.C. 2117.25. This amount could not be allowed because there were insufficient assets to pay claims at that priority level.
{¶ 7} Hein objected to the magistrate's report. The estate responded. The court overruled the objections and accepted and adopted the magistrate's report, allowing claims classified under paragraphs (A) through (C) in the list of priorities in R.C. 2117.25. The court allowed $0 for Hein's claim.
{¶ 8} Hein now appeals.
 LAW AND ANALYSIS
{¶ 9} Hein urges that Ohio estate taxes should be considered a cost of administration entitled to first priority under R.C. 2117.25(A). Whatever priority should be accorded to an obligation to pay estate taxes, that priority does not apply to the estate's obligation to Hein for her loan. Even if Ohio estate taxes are considered a cost of administration when paid by the estate, when that obligation is paid by another, "[a]ny claim for reimbursement is a claim against the estate to be considered with other creditor's claims." Osborne v. Osborne (1996),114 Ohio App.3d 412. Such claims are accorded the lowest level of priority under R.C. 2117.25(I). Therefore, the court properly disallowed Hein's claim.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and PATRICIA A. BLACKMON, J. CONCUR
[1] The estate did not respond to appellant's brief, but the decedent's spouse did, arguing not only that the court correctly established the priority of Hein's loan but also that the court properly awarded her $8,122.14 for a family allowance under R.C. 2106.13. That award has not been challenged directly in this appeal. It was challenged only indirectly, in that the calculation of the allowance may have been affected by the priority accorded to Hein's loan. Given our affirmance of the priorities established by the trial court's order, we need not address this issue.