OPINION
{¶ 1} David R. Schmidt, as successor administrator and attorney for the estate of Vallorie Ann Bowens-Jackson, deceased, is appealing from the following judgment entered by the Probate Court of Montgomery County, Ohio:
 {¶ 2} "This matter is before the Court on exceptions to the account filed by the surviving spouse, Derrell Arthur Jackson. Mr. Jackson is incarcerated and represented by counsel who appeared on his behalf.
 {¶ 3} "Vallorie Ann Bowens-Jackson died on October 3, 2000 in Montgomery County. Her stepson, Stefan L. Bowens, was appointed Administrator of her estate but was subsequently removed for failing to satisfactorily perform his duties.
 {¶ 4} "David Schmidt was appointed successor Administrator and is also the attorney for the estate. He filed the final account on March 4, 2003. Mr. Jackson takes exception to the disbursement for the payment of the funeral and burial expenses to Constance Massey and the fiduciary fee paid to Stefan L. Bowens.
 {¶ 5} "The funeral and burial expenses totaled Seven Thousand Five Hundred Seventy-eight Dollars and 23/100 ($7,578.23), all of which was paid before the family allowance. The Court finds that the estate does not have enough assets to satisfy the claims on the estate and therefore is insolvent. When an estate is insolvent, R.C. § 2117.25 applies to prioritize the disbursement of the assets.
 {¶ 6} "The Court is mindful of the case, Osborne v. Osborne
(1996), 114 Ohio App.3d 412, raised by the Administrator as authority to reimburse a third party who paid the funeral expenses of a decedent. The Court finds that Constance Massey is entitled to be reimbursed but in accordance with the statute.
 {¶ 7} "Therefore, the Court orders Constance Massey to repay the estate the overpayment of Three Thousand Five Hundred Seventy-eight Dollars and 23/100 ($3,578.23) within twenty days of this decision. If the payment is not made, the Court directs the successor Administrator to obtain that amount from his bond and repay the estate immediately thereafter.
 {¶ 8} "The Court further finds that the fiduciary fee of Eight Hundred Nineteen Dollars and 38/100 ($819.38) to the Stefan Bowens is unreasonable under the circumstances and hereby orders that Mr. Bowens repay to the estate this amount within 20 days. If Mr. Bowens does not pay the estate, then the Court directs the Administrator to obtain this amount from his bond and repay the estate immediately thereafter.
 {¶ 9} "The Court further directs the Administrator to pay these amounts to the surviving spouse, Derrell Arthur Jackson, as required by statute." (Docket 26).
 {¶ 10} Schmidt's sole assignment of error is that the Probate Court erred when it confined the reimbursement by the estate to Mrs. Massey to only the $4,000 set forth in R.C. 2117.25. The appellee argues that the amount of the family allowance set forth in this statute should be paid to the surviving spouse, who has been incarcerated for life for the crime of murder, and since the estate cannot pay the full $40,000 to him, it is insolvent, and Mrs. Massey is entitled to no more than the statutory priority of $4,000.
 {¶ 11} We find the assignment of error to be well taken. This court has already ruled that one who has paid the funeral expenses, other than a surviving spouse, and not as an officious volunteer or meddler, but out of necessity of the occasion, is entitled to be reimbursed from the estate of the deceased, providing the bill is reasonable. Osborne v. Osborne (1996),114 Ohio App.3d 412, 683 N.E.2d 365. The Osborne estate was also insolvent in the same manner as the estate in the case before us. Also, in that case as in this case, the funeral and burial expenses exceeded the statutory $4,000. The excess of the $4,000 is to be charged against the surviving spouse's share out of the estate as a surviving spouse's duty to support includes payment of the deceased spouse's funeral expenses. We note in passing that the Seventh District Court of Appeals in Ohio has cited and followed Osborne. In re Estate of Geanangel (2002),147 Ohio App.3d 131, 139.
 {¶ 12} Accordingly, the assignment of error is sustained, the judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.
Brogan, J., concurs.
GRADY, J. dissents.