{¶ 13} Judge Young reverses the judgment of the Probate Court on the authority of our holding in Osborne v. Osborne (1996),114 Ohio App.3d 412. The Probate Court found that our holding inOsborne has no application to the issue that was before the court. I agree and would affirm the judgment of the Probate Court.
 {¶ 14} "After ascertaining the assets of the estate and making the appraisal the executor or administrator must proceed to pay all debts of the estate in accordance with the statutory authority." Merrick-Rippner, Baldwin's Probate Law, Section 2.26. That authority is set out in R.C. 2117.25(A), which identifies nine classes of debts of the estate and the corresponding order of priority in which they must be paid when presented as claims. First in priority are expenses of administration. Next is the funeral bill. After that, the statutory family allowance. The last class to be paid, when payment of prior claims has not exhausted the assets of the estate, are "general creditors." R.C. 2117.25(A)(9).
 {¶ 15} The only similarity between the facts of this case and the facts in Osborne is that in both cases the decedent's parent or parents had paid the funeral bill and then sought reimbursement from the estate. Per R.C. 2117.25(A)(2), as it existed when Osborne was decided, the bill of an unpaid funeral director enjoyed a right of priority, up to an amount of two thousand dollars, over the debts owed classes of creditors with a lesser priority. However, and as we stated in Osborne, "[w]hen that bill is paid by another, the same priority does not apply."Id., at p. 414. Therefore, in Osborne the parents were classified as general creditors of the estate on their claim for reimbursement.
 {¶ 16} R.C. 2117.25 was amended, after Osborne, in 2000 by enactment of H.B. 345. R.C. 2117.25(A)(2) continues to afford the funeral director the same right of priority, but now up to a maximum of four thousand dollars. And, a new provision was added. It now appears as R.C. 2117.25(C), which states:
 {¶ 17} "Any natural person or fiduciary who pays a claim of any creditor described in division (A) of this section shall be subrogated to the rights of that creditor proportionate to the amount of the payment and shall be entitled to reimbursement for that amount in accordance with the priority of payments set forth in that division."
 {¶ 18} Here, the Appellee paid the funeral director's bill, and per R.C. 2117.25(C) succeeded to the funeral director's right of priority over the claims of all creditors in classes awarded a lesser priority by R.C. 2117.25(A). However, that right entitled Appellee to repayment of four thousand dollars, at most. Appellee paid $7,578.23 and had been reimbursed that full amount by the executor. The Probate Court ordered her to repay the estate the excess, or $3,578.23. This appeal is from that order.
 {¶ 19} The Probate Court was correct in ordering repayment. The class of debts with a priority next in succession after the funeral director is the R.C. 2106.13 "family allowance" of up to $40,000 owed to the surviving spouse per R.C. 2117.25(A)(3). Payment of that amount will exhaust the assets of the estate, rendering it insolvent to pay the claims of creditors in classes with lesser priorities, including general creditors. And, with respect to her claim for the amount in excess of four thousand dollars she paid, Appellee is but a general creditor of the estate and is not afforded the funeral director's priority.
 {¶ 20} Judge Young writes that the estate in Osborne was likewise insolvent. However, our opinion in Osborne reflects no such fact. There was no insolvency that barred payment of other debts, including the debts owed general creditors.
 {¶ 21} In Osborne, the decedent's executor, his surviving spouse, had refused to reimburse the parents on their claim for the funeral bill they paid. The parents commenced a civil action on the unpaid claim. We held that the administrator denied payment improperly because the parents in Osborne were not officious volunteers or meddlers, the surviving spouse having requested them to pay the bill, which her duty of support would otherwise have required the surviving spouse to pay.
 {¶ 22} Appellee may likewise be neither an officious volunteer nor a meddler, but that cannot change the right of priority she is afforded by R.C. 2117.25(A)(9) as a general creditor of the estate with respect to amount in excess of $4,000 that she paid and was ordered to repay. As to her right to that amount, she is but a general creditor, as were the parents inOsborne for the entire amount they paid. However, and unlikeOsborne, there is no money to pay general creditors because payment of the surviving spouse's statutory allowance will exhaust the remaining assets. The surviving spouse may not be worthy, but that prospect doesn't support a judicial modification of R.C. 2117.25, which is the effect of the reversal ordered by the majority.
 {¶ 23} Appellee may have another remedy, however. We observed in Osborne that a person who pays funeral or burial expenses has a personal claim against the surviving spouse for having paid for the decedent's "necessaries." Appellee may seek repayment from the monies awarded the surviving spouse in the underlying probate proceeding, but to do so she must file a separate civil action on her claim.