DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, William Lewis, administrator to the Estate of Charles W. Lewis ("estate"), appeals the judgment of the Lucas County Court of Common Pleas, Probate Division, which ordered the estate to reimburse the Estate of Alice C. Lewis the amount of $4,411.72. The amount represents one-half of the funeral expenses of Charles Lewis and a portion of real estate taxes. For the following reasons, we reverse.
 {¶ 2} Charles W. Lewis and Alice C. Lewis were husband and wife. On December 14, 1999, Charles Lewis passed away. Charles Lewis bequeathed a life estate in real property to Alice Lewis and directed that the residue be divided equally between Alice Lewis and his nephew, William Lewis. In his probated will, Charles Lewis directed that his estate pay his funeral expenses and all debts.
 {¶ 3} Alice and Charles Lewis shared a joint KeyBank account. In January 2000, Alice Lewis, who had previously been declared incompetent, was asked by William Lewis to sign checks from the KeyBank account to pay for Charles Lewis's funeral expenses ($8,429.43) and real estate taxes ($197.01). Because the KeyBank account was shared equally by both Alice and Charles Lewis, Alice Lewis essentially advanced $4,411.72 to the Estate of Charles Lewis.
 {¶ 4} On April 27, 2000, Alice Lewis passed away. Upon her death, William Lewis and appellee Joyce Seger both filed applications to administer her estate. Joyce Seger was also Alice Lewis's guardian. Both William Lewis and Seger were named co-administrators for the Estate of Alice Lewis; appellee Sandra Krieger was named sole beneficiary of the Estate of Alice Lewis. William Lewis is not a beneficiary of the Alice Lewis Estate.
 {¶ 5} On October 17, 2000, Krieger petitioned the court to remove William Lewis as co-administrator of Alice Lewis's estate, alleging that William Lewis refused to provide information concerning bank accounts jointly held by Charles and Alice Lewis. The probate court chose to retain him as a co-administrator. On March 22, 2001, William Lewis applied for "extraordinary" attorney fees for his defense against the motion. A few months later, Lewis resigned as co-administrator. On November 6, 2001, the trial court denied William Lewis' motion for extraordinary attorney fees. We affirmed that denial on appeal. In re: TheEstate of Alice Charlotte Lewis, 6th Dist. No. L-03-1069,2003-Ohio-7266.
 {¶ 6} In December 2001, Lewis informed Seger and Krieger of the KeyBank checks signed by Alice Lewis to pay her husband's funeral expenses and real estate taxes. On May 20, 2002, Seger filed a motion requesting "reimbursement of advances" in the probate case of the Estate of Alice Lewis. In June 2003, Seger and Krieger filed all exceptions to the Estate of Charles Lewis. However, Seger and Krieger did not list the funeral expenses or real estate taxes that they claimed within the "motion for reimbursement of advances."
 {¶ 7} On October 17, 2003, the Estate of Charles Lewis closed. On October 28, 2003, Lewis filed a motion in opposition to Seger and Krieger's motion for reimbursement of advances. On November 5, 2003, a hearing on the motion for reimbursement of advances was held. Lewis argued that that motion for reimbursement of advances constituted a "claim" against the Estate of Charles Lewis, and as such, must have been filed against the Estate of Charles Lewis within the statutory limit of one year citing R.C. 2117.06.
 {¶ 8} On May 20, 2004, the probate court filed a judgment entry which granted the appellee's motion for reimbursement of advances, holding that the will of Charles Lewis directed for his funeral expenses and all debts to be paid out of his estate. The probate court ordered reimbursement in the amount of $4,411.72, $4,214.71 for funeral expenses and $197.01 for real estate taxes. On June 29, 2005, the probate court issued a judgment which affirmed its entry of May 20, 2004. Its conclusions of law stated that "a surviving spouse is entitled pursuant to O.R.C. § 2106.20
to reimbursement from the estate of a deceased spouse for funeral expenses, if paid by the surviving spouse, to the extent that the rights of other creditors of the estate will not be prejudiced by the reimbursement" and that "the motion for reimbursement is not a claim against the estate, but actually a motion to return monies improperly expended."
 {¶ 9} From that judgment, appellant raises one assignment of error:
 {¶ 10} "The trial court's order that the closed estate of Charles W. Lewis is to reimburse the Estate of Alice C. Lewis for one-half of the funeral expenses and a portion of the real estate taxes in the total amount of $4,411.72 is an error of law, because where the final account in a decedent's estate has been filed and approved, the order of settlement has the effect of a judgment and can be vacated only in the manner set forth in O.R.C. Section 2109.35."
 {¶ 11} When reviewing a trial court's findings of facts and conclusions of law, deference is given to the trial court's findings of fact as long as they are supported by competent credible evidence. Star Bank, N.A. v. Matthews (2001),144 Ohio App.3d 246, 250. The standard of review for a trial court's conclusions of law regarding a statute is de novo and we decide whether the facts satisfy the applicable legal standard. Id.
 {¶ 12} R.C. 2109.35 provides:
 {¶ 13} "The order of the probate court upon settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only as follows:
 {¶ 14} "(A) the order may be vacated for fraud, upon motion of any person affected by the order or upon the court's own order, if the motion is filed or order is made within one year after discovery of the existence of fraud. * * *.
 {¶ 15} "* * *
 {¶ 16} "(C) the order of the probate court upon settlement of a fiduciary's account shall have the effect of a judgment and may be vacated * * * for good cause shown upon the motion of the fiduciary, if the motion is filed prior to the settlement of the account showing that the fiduciary has fully discharged his trust * * *. An order settling an account shall not be vacated unless the court determines that there is good cause for doing so, and the burden of proving good cause shall be upon the complaining party."[1]
 {¶ 17} R.C. 2117.06(C) provides that "a claim that is not present within one year after the death of the decedent shall forever be barred as to all parties, including, but not limited to, devisees, legatees, and distributees; * * * no payment shall be made on the claim and no action shall be maintained on the on the claim * * * with reference to contingent claims.[2]
 {¶ 18} In Osborne v. Osborne (1996), 114 Ohio App.3d 412,413, the decedent's parents paid funeral expenses when the wife of the decedent was unable to pay. When the wife was appointed executor of her husband's estate, his parents presented a written claim to the estate seeking reimbursement for the funeral expenses. Id. The wife rejected the parent's claim. The trial court ultimately ruled in favor of the wife. Id at 414. On appeal, the court reversed holding that the parents had presented a valid claim to the decedent's estate. Id. The court found that a person seeking payment by a decedent's estate must present a "claim" to the decedent's estate. Id. Furthermore, the court found that any request for reimbursement of funeral expenses is a claim against the decedent's estate. Id.
 {¶ 19} Following Osborne, we conclude that the trial court erred in concluding that the motion for reimbursement did not constitute a claim. Moreover, unlike the parents in Osborne,
who filed a claim in the decedent's estate, appellees in this case improperly filed their motion in Alice Lewis' estate rather than Charles Lewis' estate. Thus, appellees' claim for reimbursement is barred by the time provision set forth in R.C.2117.06 as appellees' motion was filed more than two years after the decedent's death.
 {¶ 20} We note that the trial court ultimately tried to achieve a just decision; however, the statutory provisions clearly bar recovery in this manner. Appellant's assignment of error is well-taken.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas, Probate Division, is reversed and remanded to the trial court. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.
[1] R.C. 2109.35 was amended in 1994. Section (C) of the statute before its amendment contained a notice clause which stated that "the person shall establish to the satisfaction of the court that he had no knowledge of the proceeding in time to appear in it." The proceeding refers to the hearing in which the court finalized and settled the estate of the decedent in question. The difference between the two statutes is that section (C) of the amended 1994 statute removes the notice requirement. Therefore, under the amended R.C. 2109.35, a person needs only to prove good cause to vacate an order that finalized and settled an estate; instead of having both to prove both good cause and that the person had no knowledge of the proceeding in time to appear.
[2] R.C. 2117.06 was amended in 2002. Section (B) of the statute was amended to reduce the amount of time given to a party to present a claim against the estate of the decedent. Specifically, R.C. 2117.06 (B) after its amended states that a "claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties." Unless the General Assembly has specified that the amended R.C. 2117.06
(B) should receive retrospective application, its application in this case would be unlawful as it would cause a new standard to be imposed upon past conduct. Geraldo v. First Dominion MutualLife Insurance, Co., 6th Dist. No. L-01-1210, 2002-Ohio-4654, at ¶ 28. Here, the legislature did not give R.C. 2117.06 (B) retrospective application. Therefore, the language of R.C.2117.06 (B) prior to its amendment will be controlling in this case.