[Cite as *In re Estate of Cooke*, 2011-Ohio-1637.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

    THE ESTATE OF
    EMMA JEAN COOKE,
    DECEASED

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 10-COA-024

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | On Appeal from the Ashland County Court of Common Pleas, Probate Division, Case No. 2010-1067 |
| JUDGMENT: | REVERSED AND REMANDED |
| DATE OF JUDGMENT ENTRY: | March 28, 2011 |

APPEARANCES:

For Plaintiff-Appellant

BRIAN J. CHISNELL
UAW GM Legal Services Plan
P. O. Box 2668
1075 National Parkway
Mansfield, OH 44906

For Defendant-Appellee

NO APPEARANCE

*Delaney, J.*

{¶1} Executor-Appellant, Charles P. Cooke, Jr. appeals the July 6, 2010 judgment of the Ashland County Court of Common Pleas, Probate Division to deny Appellant's Application to Relieve Estate from Administration.

### STATEMENT OF THE FACTS AND CASE

{¶2} Emma Jean Cooke passed away on August 26, 2009. Appellant is the son of the decedent and was named Executor by his mother's will. Connie Williams, the decedent's daughter, was acknowledged by the decedent in her will but was excluded from inheriting from her estate.

{¶3} On April 6, 2010, Appellant filed an Application for Admission to Probate of Lost Will because Appellant could not locate the original copy of his mother's will. The trial court granted the application on May 20, 2010.

{¶4} On May 20, 2010, Appellant filed an Application to Probate Will and Application to Relieve Estate from Administration pursuant to R.C. 2113.03. Appellant attached a list of the estate's assets and liabilities to be relieved from administration. The estate's assets totaled $9,550.96. The estate's liabilities were $38,937.95. Appellant stated in the application that the creditors had been rejected for not timely filing a claim, except for Heyl Funeral Home in the amount of $4,140.00. The trial court set the matter for hearing on June 29, 2010.

{¶5} The beneficiaries and creditors were successfully served with notice of the hearing for application to relieve estate from administration by certified mail. The record shows that Heyl Funeral Home was not served with certified mail notice of hearing.

{¶6} The matter proceeded to hearing on June 29, 2010. Appellant and Connie Williams appeared at the hearing. No other party appeared to oppose the application for relief from administration. At the hearing, the trial court inquired as to whether the funeral home bill had been paid. (T. 4). Appellant responded that his half of the funeral bill had been paid and Ms. Williams was responsible for the other half. Id. The trial court stated that regardless of whether the funeral home had made a claim or not, the court was not going to release the estate from administration until the funeral bill had been paid. (T. 4-5).

{¶7} On June 29, 2010, Appellant filed with the court a copy of a receipt from the funeral home showing the balance due had been paid by Appellant. Only a copy of the receipt was filed; there was no other notice to the court attached.

{¶8} The trial court issued its opinion and judgment entry on July 7, 2010. The trial court found that while the decedent had passed away on August 26, 2009, Appellant did not file an application to probate the will until May 20, 2010, after the time for creditors to file claims had passed. The trial court acknowledged that a creditor of the decedent could open an estate, but that is rarely done. The trial court denied the application to relieve estate from administration at that time because it found it would be inequitable for the funeral home bill to remain unpaid. The trial court stated that if Appellant furnished documentation to the court to show that the funeral home bill had been paid in full, the trial court might reconsider its ruling.

{¶9} Appellant did not file a motion for reconsideration, but rather filed the within appeal.

## ASSIGNMENTS OF ERROR

{¶10} Appellant raises two Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DETERMINATION TO NOT RELIEVE THE ESTATE FROM ADMINISTRATION BASED UPON THE FAILURE TO PAY THE FUNERAL BILL.

{¶12} "II. THE TRIAL COURT'S DECISION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

### I., II.

{¶13} Appellant argues in both Assignments of Error that the trial court erred when it denied Appellant's application for relief from administration.

{¶14} Appellant moved for relief from administration of the estate pursuant to R.C. 2113.03. Under R.C. 2113.03, an estate may be released from administration if the value of the assets of the estate is $35,000 or less. R.C. 2113.03(A)(1). "Upon the application of any interested party, after notice of the filing of the application has been given to the surviving spouse and heirs at law in the manner and for the length of time the probate court directs, and after notice to all interested parties by publication in a newspaper of general circulation in the county, unless the notices are waived or found unnecessary, the court, when satisfied that division (A)(1) or (2) of this section is satisfied, may enter an order relieving the estate from administration and directing delivery of personal property and transfer of real estate to the persons entitled to the personal property or real estate." R.C. 2113.03(B). In this case, the decedent died testate. R.C. 2113.03(B) states, "[w]hen the decedent die[s] testate, the will shall be presented for probate, and, if admitted to probate, the court may relieve the estate from

administration and order distribution of the estate under the will." "Any delivery of personal property or transfer of real estate pursuant to an order relieving an estate from administration is made subject to the limitations pertaining to the claims of creditors set forth in divisions (B) and (C) of section 2117.06 of the Revised Code." R.C. 2113.03(C).

{¶15} "Obligations incurred by a deceased during her lifetime become debts of her estate by operation of law. Obligations incurred after death for the benefit of the decedent's estate are likewise debts of the estate." *Osborne v. Osborne* (1996), 114 Ohio App.3d 412, 414, 683 N.E.2d 365. Appellant states the bill of the funeral director is a claim against the estate that must be presented to the deceased's personal representative pursuant to R.C. 2117.06. R.C. 2117.06 states as follows:

{¶16} "(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

{¶17} "(1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:

{¶18} "(a) To the executor or administrator in a writing;

{¶19} "(b) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;

{¶20} "(c) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. For purposes of this division, if an executor or administrator is not a natural person, the writing shall be considered as being actually

received by the executor or administrator only if the person charged with the primary responsibility of administering the estate of the decedent actually receives the writing within the appropriate time specified in division (B) of this section.

{¶21} "(2) If the final account or certificate of termination has been filed, in a writing to those distributees of the decedent's estate who may share liability for the payment of the claim.

{¶1} "(B) * * * all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period.  Every claim presented shall set forth the claimant's address.

{¶2} "(C) * * * a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees.  No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims."

{¶3} Because the funeral home did not present its claim to the estate within six months, Appellant argues the claim is barred.

{¶4} The statutes governing the administration of estates give special significance to funeral expenses.  As outlined in R.C. 2117.25, the administrator is instructed to proceed "with diligence" to pay the debts of the decedent and to apply the assets in a certain order.  R.C. 2117.25(A).  First, the executor is to pay the costs and expenses of administration of the estate.  R.C. 2117.25(A)(1).  Second, the executor must proceed with diligence to pay an amount, not exceeding $4,000, for funeral

expenses that are included in the bill of a funeral director.  R.C. 2117.25(A)(2).  The statute goes on to the list other debts to be paid, such as those owed to the United States and expenses from the last sickness of the decedent, etc.  R.C. 2117.25(A)(3)-(9).

{¶5}    It has been held that if a person other than the surviving spouse pays the deceased's funeral expenses, not as an officious volunteer or meddler, but out of the necessity of the occasion, he is entitled to reimbursement from the estate of the deceased, provided the bill is reasonable.  *Osborne v. Osborne* (1996), 114 Ohio App.3d 412, 415, 683 N.E.2d 365.

{¶6}    In this case, the evidence shows the estate did not pay the funeral expenses in the amount of $4,140.00.  There is no evidence to show that a claim for the funeral expenses had been presented to Appellant as the executor of the deceased's estate.  Appellant listed the funeral expenses as an outstanding liability of the estate in his application for relief from administration.  At the hearing on the application, Appellant testified that he had paid half of the funeral expense and that his sister was responsible for the other half.  No other party appeared at the hearing to object to the relief from administration of the estate.  The trial court stated at the hearing it was not inclined to grant the relief from administration because the funeral expenses were a priority claim and had not been fully paid.

{¶7}    On June 29, 2010, Appellant filed a receipt from the funeral home showing the funeral expenses had been paid in full.  There is a question of whether the trial court had knowledge of the receipt because there is no mention of it in the trial court's July 7, 2010 judgment entry denying the application for relief.  The trial court further stated in its

judgment entry that, "[i]f the funeral bill is paid and documentation of that fact is furnished to the Court, at that time the Court may reconsider its ruling herein."

{¶8}    We agree that funeral expenses are a priority responsibility for the estate under R.C. 2117.25.  However, if a third party has paid the funeral expenses, he or she can present their claim to the estate for reimbursement.  In this case, Appellant paid the funeral expenses and there was no evidence that the funeral bill was unreasonable; therefore, Appellant would be entitled to reimbursement from the estate pursuant to *Osborne*, supra.

{¶9}    Accordingly, we find under the specific circumstances of this case, the evidence in the record, and the trial court's instruction that it would reconsider its decision if evidence was provided that the funeral expenses were paid in full, Appellant's Assignments of Error are sustained.  The evidence that the funeral expenses had been paid in full were provided to the trial court.  The judgment entry denying the application for relief from administration of the estate was filed after the evidence was provided to the trial court.  Based on the record and basis for the trial court's denial, it could be determined that the trial court's decision to deny the application was against the manifest weight of the evidence.[1]

---

[1] We note that if Appellant had followed the trial court's recommendation and filed a motion for reconsideration with evidence that the funeral expenses had been fully paid, an appeal might have been unnecessary.

{¶10} We therefore reverse the judgment of the Ashland County Court of Common Pleas, Probate Division to deny the application for relief based on the funeral expenses and remand the matter to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, J.

Edwards, J. concurring separately,

and Hoffman,P J. dissenting

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

PAD:kgb

EDWARDS, J., CONCURRING OPINION

{¶11} I concur with the disposition of this case by Judge Delaney but not with the analysis.

{¶12} I would find that the trial court abused its discretion in denying the Motion for Relief from Administration.

{¶13} I would find that, while the statute allows the trial court discretion in deciding whether to grant such a motion, that discretion is not unlimited. In the case sub judice, the trial court was trying to make sure that, at least, the funeral bill got paid. The trial court believed that the executor had purposefully delayed in filing his Motion for Relief until it was too late for creditors of the estate to make a claim. And while I understand, and am sympathetic, with the trial court's reasoning, I think it was improper. The probate court's function is to see that creditors who properly submit claims are paid from assets of an estate. It is not to deny a Motion for Relief from Administration until a time when the probate court can determine the debts that were not timely submitted to the probate court are paid by some other method.

_____

Judge Julie A. Edwards

**{¶14}** I respectfully dissent from the majority's disposition.

**{¶15}** Unlike Appellant and the majority, I do not believe the appropriate standard of review in the case sub judice is manifest weight of the evidence. The statute's use of the term "may" implies discretion.

**{¶16}** When applying the abuse of discretion standard, I do not find the trial court's decision to be arbitrary, unreasonable or unconscionable. I would affirm the trial court's judgment.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                         :
                                          :
    THE ESTATE OF                       :
    EMMA JEAN COOKE,                    :
    DECEASED                            :
                                          :
                                          :         JUDGMENT ENTRY
                                          :
                                          :

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas, Probate Division is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and law.

Costs to Appellant.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. JULIE A. EDWARDS